


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PARADIGM TELECOM II, LLC | ) | Case No. 18-34112 |
|  | ) |  |
| Debtor. | ) | Hon. J. Jeff Bohm |
|  | ) |  |

## ORDER AUTHORIZING AND APPROVING THE SALE OF CERTAIN DESIGNATED ASSETS OF THE DEBTOR FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS
*(198)*

Upon the emergency motion, dated February 26, 2019, (the "**Motion**"),[1] of Paradigm Telecom II, LLC, as debtor and debtor-in-possession in the above-captioned chapter 11 case (the "**Debtor**") pursuant to section 363 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for entry of an order approving the Debtor's sale (the "**Sale**") of certain designated assets (the "**Purchased Assets**") to Zayo Group, LLC (the "**Buyer**") free and clear of all liens, claims, encumbrances, and other interests pursuant to sections 105, 363(b), (f), and (m) of the Bankruptcy Code pursuant to an agreement, dated February 25, 2019 (the "**Agreement**") by and between the Debtor, the Buyer, and Interfacing Company of Texas ("**ICTX**"); the Court having held a hearing on the Motion (the "**Hearing**") on March 12, 2019 with the appearances of all interested parties noted in the record of the Hearing; the Court having considered the Motion, objections to the Motion, if any, and arguments of any counsel appearing regarding the relief requested in the Motion at the Hearing, if any, and after due deliberation and consideration and sufficient cause appearing therefor;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.
(footnote continued)

IT IS HEREBY FOUND AND DETERMINED THAT:[2]

A.  **Jurisdiction and Venue.** The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is core within the meaning of 28 U.S.C. § 157(b). The statutory predicates for the relief sought herein are sections 105 and 363 of the Bankruptcy Code, and the procedural predicates are Rules 2002 and 6004 of the Bankruptcy Rules.

B.  **Notice.** Due and proper notice of the Sale was given and the Debtor has complied with the notice provisions of Rule 2002 of the Bankruptcy Rules.

C.  **Good Cause.** Entry into the Agreement, the agreements contemplated thereby and the consummation of the Sale constitute the exercise by the Debtor of sound business judgment. The Sale of the Purchased Assets described in the Motion, for the amount specified therein, is fair and reasonable under the circumstances, and is for the highest and best sales price currently obtainable. The Debtor has articulated good and sufficient business reasons justifying the Sale of the Purchased Assets to the Buyer. As such, the Sale of the Purchased Assets to the Buyer are in the best interests of the Debtor, its estate, its creditors, and all parties in interest.

D.  **Authority and Consents.** Subject to the entry of this Order, the Debtor (i) has full power and authority to execute the Agreement and all other documents contemplated thereby, (ii) has all of the power and authority necessary to consummate the Sale contemplated by the Agreement and (iii) has taken all corporate action necessary to authorize and approve the Agreement and all other documents contemplated thereby, and the consummation of the Sale. No

---

[2] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact pursuant to Fed. R. Bankr. P. 7052. Any statements of the Court from the bench at the Hearing shall constitute additional findings of fact and conclusions of law as appropriate and are expressly incorporated by reference into this Order to the extent not inconsistent herewith.

consents or approvals, other than those expressly provided for in the Agreement or this Order, are required for the Debtor to close the Sale.

E. **Good Faith**. The Agreement and the Sale were negotiated and have been and are undertaken by the Debtor, ICTX and the Buyer at arm's length without collusion or fraud, and in good faith within the meaning of section 363(m) of the Bankruptcy Code. The Buyer is purchasing the Purchased Assets in good faith and the Buyer has otherwise proceeded in good faith in connection with these proceedings in that *inter alia*: (i) the Debtor was free to deal with any other party in connection with the Sale of the Purchased Assets; and (ii) the Buyer is not an "insider" or "affiliate" of the Debtor, as those terms are defined in the Bankruptcy Code, and no common identity of current incorporators, directors or stockholders exists between the Buyer and the Debtor. As a result of the foregoing, the Buyer is entitled to the protections of section 363(m) of the Bankruptcy Code.

F. **Free and Clear**. The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full. The transfer of the Debtor's right, title and interest in the Purchased Assets to the Buyer will be a legal, valid and effective transfer of the Purchased Assets, and will vest the Buyer with all of the Debtor's right, title and interest in and to the Purchased Assets, free and clear of (i) any claim (as defined in section 101 of the Bankruptcy Code), including all rights or causes of action (whether in law or in equity), obligations, demands, restrictions, indemnities, consent rights, options, contract rights, covenants and interests of any kind or nature whatsoever (collectively, "**Claims**"), (ii) any mortgage, lien, pledge, charge, easement, option, right of first refusal, right of first offer, right of first use or occupancy, indenture, deed of trust, right of way, tenancy, restriction on the use of real property, restriction upon voting or transfer, encroachment, license to a third party, lease to a third party, security agreement, security interest, encumbrance,

or other adverse claim, restriction or limitation of any kind in respect of such property or asset or irregularities in title thereto (collectively, "**Liens**"), and (iii) any debts, liabilities, obligations, contractual rights and claims and labor, employment and pension claims (collectively, "**Interests**"), in each case, whether known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, material or non-material, disputed or undisputed, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise of any kind or nature whatsoever.

The Debtor may sell the Purchased Assets free and clear of all Claims, Liens and Interests because, with respect to each creditor asserting a Claim, Lien or Interest, one or more of the standards set forth in section 363(f)(1) - (5) of the Bankruptcy Code has been satisfied. With respect to any and all entities and persons asserting any Claims, Liens or Interests in and to the Purchased Assets (including those of any taxing authorities or other Government Authorities), either: (i) such person or entity has consented to the Sale and transfer of the Purchased Assets free and clear of such Claim, Lien or Interest by acknowledging in open court their approval of the transactions herein approved and ordered or by failing to object to the Sale or the Motion; (ii) applicable nonbankruptcy law permits the Sale of the Purchased Assets free and clear of such Claim, Lien or Interest; (iii) such Claim, Lien or Interest is in bona fide dispute; or (iv) such person or entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such Claim, Lien or Interest.

G. **Successor Liability**. The Buyer does not constitute a successor to the Debtor or its estate. The Sale does not amount to a consolidation, merger or de facto merger of the Buyer and

the Debtor. The Buyer is only assuming the Assumed Liabilities as explicitly set forth in the Purchase Agreement, and is not assuming any obligations other than the Assumed Liabilities.

      H.    **Rule 6004(h)**. Time is of the essence in consummating the Sale. In order to maximize the value of the Debtor's assets, it is essential that the sale of the Purchased Assets occur within the time constraints set forth in the Agreement. Accordingly, there is a cause to lift the stay contemplated by Bankruptcy Rule 6004(h).

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

      1.    The Motion is granted as set forth below. All objections to the Motion that have not been settled or withdrawn are hereby overruled.

**Approval of the Agreement**

      2.    The Agreement is hereby approved in all respects, and shall be deemed in full force and effect, binding and benefiting the Debtor, the Debtor's estate, the Buyer, ICTX and T-Mobile. The failure specifically to include any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Agreement be authorized and approved in its entirety.

      3.    Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtor is authorized, empowered and directed to implement and consummate all of the transactions and perform all obligations contemplated by the Agreement, including without limitation, to sell and transfer the Purchased Assets to the Buyer for the Consideration set forth in the Agreement. The Debtor is hereby authorized to take all such actions and execute any agreements that shall be necessary to consummate and give effect to the Agreement without further order of the Court.

      4.    The transfer of the Debtor's right, title and interest in the Purchased Assets to the Buyer pursuant to the Agreement shall be, and hereby is deemed to be, a legal, valid and effective

transfer of the Debtor's right, title and interest in the Purchased Assets, and vests with or will vest in the Buyer all right, title and interest of the Debtor in the Purchased Assets. On the Closing Date and subject to the occurrence of the Closing, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Debtor's interests in the Purchased Assets to the Buyer.

5. This Order and the Agreement shall be binding in all respects upon the Debtor, its estate, all creditors of and holders of equity interests in the Debtor (whether known or unknown), T-Mobile, ICTX, the Buyer, any holders of Claims, Liens and Interests on the Purchased Assets, all successors and assigns of the Buyer, and any examiners, "responsible persons", trustees or other fiduciaries, if any, subsequently appointed in the Debtor's chapter 11 case or upon a conversion of the case to a case under chapter 7 under the Bankruptcy Code.

**Free and Clear Sale**

6. Pursuant to section 363(f) of the Bankruptcy Code, the transfer of title to the Purchased Assets shall be free and clear of any Claim, Lien or Interest in or against the Purchased Assets. All Claims, Liens and Interests shall attach solely to the proceeds of the Sale with the same extent, validity (or invalidity), priority and perfection as they attached to the Purchased Assets immediately prior to the Closing. In addition, an amount not less than $218,329.45 from the proceeds of the Sale shall be segregated into a separate account and shall not be used by the Debtor without a specific further order from this court, after notice and hearing, addressing the treatment and payment of the claims of Robert Goltermann, Scott Widham, and Francisco Maella (collectively, the "Secured Creditors"). Such $218,329.45 is the estimated amount necessary to cover the principal, interest (both accrued and to be accrued in the next six months) and attorneys' fees on account of the above Secured Creditors' claims under section 506(b). Such segregated

proceeds shall not be subject to any Claim, Lien or Interest other than the Liens of the Secured Creditors. The Liens of the Secured Creditors shall be deemed perfected without further action.

7. Buyer is hereby authorized to (a) execute and file any termination statements, instruments of satisfactions, releases of all Claims, Liens or Interests, and other documents necessary to transfer the Purchased Assets free and clear of all Claims, Liens or Interests, and (b) file, register, or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Claims, Liens or Interests against or in the Purchased Assets.

8. This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Agreement.

9. Except as expressly provided for in this Order or the Agreement, the Buyer shall not have any liability or responsibility for any liability or other obligation of the Debtor arising under or related to the Purchased Assets for any period of time prior to the Closing Date.

10. Pursuant to sections 105 and 363 of the Bankruptcy Code, except as expressly provided for in the Agreement or this Order, all persons and entities, including, but not limited to,

all debt security holders, governmental, tax and regulatory authorities, lenders, trade creditors, litigation claimants and any and all creditors of the Debtor holding Claims, Liens or Interests of any kind or nature whatsoever against or in all or any portion of the Purchased Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, or senior or subordinate), arising under or out of, in connection with, or in any way relating to the Debtor, the Purchased Assets, the operation of the Debtor's business prior to the Closing Date or the transfer of the Purchased Assets to the Buyer, shall be barred, estopped and permanently enjoined from asserting such Claim, Lien or Interest in and to the Purchased Assets, or taking any action of any kind against, the Buyer or its affiliates, and any of their successors, assigns, assets or properties, or the Purchased Assets on account of any Claim, Lien or Interest against the Debtor or any Purchased Asset arising prior to the Closing Date. Following the Closing, no holder of any Claim, Lien or Interest shall interfere with the Buyer's title to or use and enjoyment of the Purchased Assets based on or related to any such Claim, Lien or Interest, or based on any actions the Debtor may take in its bankruptcy case. All persons and entities are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Debtor to transfer the Purchased Assets to the Buyer in accordance with the Agreement and this Order.

11.   To the extent provided by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit or license relating to the operation of the Purchased Assets sold, transferred or conveyed to the Buyer on account of the filing or pendency of this chapter 11 case or the consummation of the Sale contemplated by the Agreement.

**Effectiveness; Final Order**

12. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall not be stayed for fourteen days after its entry and shall be effective immediately upon entry. The Debtor is authorized to close the Sale immediately upon entry of this Order.

13. The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to implement the terms and provisions of the Agreement and the provisions of this Order.

**Miscellaneous Provisions**

14. From and after the Closing Date, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of all of the Debtor's right, title and interest in the Purchased Assets and a bill of sale transferring good, valid and marketable title in such Purchased Assets to the Buyer on the Closing Date pursuant to the terms of the Purchase Agreement, free and clear of all Claims, Liens and Interests (other than the Permitted Liens).

15. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale.

16. The Agreement and any related agreements, documents, or other instruments may be amended by the parties in a writing signed by such parties without further order of the Court, provided that (a) any such amendment does not have a material adverse effect on the Debtor or its estate; (b) any such amendment does not result in a reduction of the purchase price; and (c) notice of such amendment shall be provided to any official creditor's committee.

17. This Order shall not be modified by any chapter 11 plan confirmed in this chapter 11 case or subsequent order of this Court unless expressly consented to in advance and in writing by the Buyer.

18. The Agreement shall not be subject to rejection or avoidance under any circumstances.

19. The provisions of this Order are non-severable and mutually dependent.

20. To the fullest extent allowed under applicable authority, this Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Agreement, all modifications thereto, and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Debtor is a party or which has been assigned or sold by the Debtor to the Buyer, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Purchased Assets to the Buyer, (b) interpret, implement and enforce the provisions of this Order and the Agreement, and (c) protect the Buyer against any Claims, Liens or Interests in or against the Debtor or the Purchased Assets of any kind or nature whatsoever.

21. To the extent that any provisions of this Order shall be inconsistent with the provisions in the Agreement, any prior order, or any pleading with respect to the motions in these cases, the terms of this Order shall control.

IT IS SO ORDERED this 21st day of March, 2019.

THE HONORABLE JEFF BOHM
UNITED STATES BANKRUPTCY JUDGE

APPROVED:


FUQUA & ASSOCIATES, PC

By: */s/ Richard L. Fuqua*
Richard L. Fuqua
Texas Bar No. 075552300
5005 Riverway, Suite 250
Houston, TX 777056
(713) 960-0277 Telephone
(713) 960-1064 Facsimile
RLFuqua@FuquaLegal.com

COUNSEL FOR DEBTOR,
PARADIGM TELECOM II, LLC



SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: */s/ Dwight M. Francis*
Dwight M. Francis
Texas Bar No. 00785877
2200 Ross Avenue, 24th Floor
Dallas, TX 75201
(469) 391-7400 Telephone
(469) 391-7401 Facsimile
dfrancis@sheppardmullin.com

COUNSEL FOR ZAYO GROUP, LLC



ALSTON & BIRD LLP

By: */s/ William S. Sugden*
William S. Sugden (*pro hac* vice)
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
(404) 881-7000 Telephone
(404) 881-7777 Facsimile
Will.Sugden@alston.com

COUNSEL T-MOBILE USA, INC.

WALKER & PATTERSON, P.C.

By: /s/ *Johnie J. Patterson*
Johnie J. Patterson
Texas Bar No. 15601700
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 Telephone
(713) 956-5570 Facsimile
jjp@walkerandpatterson.com

COUNSEL FOR THE UNSECURED
CREDITORS COMMITTEE


STINSON LEONARD STREET LLP

By: /s/ *Anthony J. Jarboe*
Anthony J. Jarboe (*pro hac vice*)
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800 Telephone
(314) 863-9388 Facsimile
Tony.jarboe@stinson.com

COUNSEL FOR ROBERT GOLTERMANN,
SCOTT WIDHAM AND FRANCISCO MAELLA


PAGEL, DAVIS & HILL, P.C.

By: /s/ *Michael A. Harris*
Michael A. Harris
Texas Bar No. 24046030
1415 Louisiana, 22nd Floor
Houston, TX 77002
(713) 951-0160 Telephone
(713) 951-0662 Facsimile
mah@pdhlaw.com

COUNSEL FOR INTERFACING COMPANY
OF TEXAS

APPROVED AS TO FORM ONLY:

JACKSON WALKER L.L.P.

By: /s/ *Bruce J. Ruzinsky*
Bruce J. Ruzinsky
Texas Bar No. 17469425
1401 McKinney Street, Suite 1900
Houston, TX 77010
(713) 752-4200 Telephone
(713) 752-4221 Facsimile
bruzinsky@jw.com

COUNSEL FOR PARADIGM TELECOM,
INC. AND KAREN TOTH