# EXHIBIT "A"

## AGREEMENT FOR TRANSITION AND TERMINATION
## OF SERVICES AND RELEASE

THIS AGREEMENT FOR TRANSITION AND TERMINATION OF SERVICES AND RELEASE (this "Agreement") dated as of June 13, 2019, is entered into by and between Comcast Business Communications, LLC ("Comcast") and Paradigm Telecom II, LLC (the "Debtor"). Comcast and the Debtor are sometimes referred to herein, individually, as a "Party" and, collectively, as the "Parties."

### RECITALS

A.      Comcast and the Debtor are parties to a Master Services Agreement dated September 9, 2016 (the "MSA"), pursuant to which the Debtor provides various Ethernet transport services to Comcast (as more particularly described in the MSA and listed in the attached Exhibit A, the "Services"). The Services are integral to Comcast's ability to provide stable and continuous services to certain of its customers.

B.      On July 27, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), thereby commencing Case No. 18-34112 (the "Bankruptcy Case").

C.      The Debtor determined that, because of the high costs of operating the Ethernet transport services portion of its business, as part of its restructuring under the Bankruptcy Code it should sell or wind down the Ethernet transport services portion of its business.  The Debtor and Comcast engaged in extensive negotiations over a period of months regarding the potential purchase of certain circuits used to provide the Services to Comcast under the MSA or, alternatively, the terms for orderly transitioning the Services and connections currently provided to Comcast by the Debtor to another provider while maintaining stability and continuity for those Comcast customers as to which Comcast relies upon the Services and circuits provided by the Debtor, as well as for rejecting the MSA.

D.      After extensive arm's length negotiations, the Debtor and Comcast reached the agreement herein, which is intended, among other things, to ensure an orderly transition of the Services and connections that the Debtor currently provides to Comcast in a manner that maintains stability and continuity for Comcast's customers, reject the MSA, and release Comcast, in exchange for, among other things, a cash payment by Comcast in accordance with the terms and conditions set forth herein;

NOW, THEREFORE, subject to the terms, conditions, covenants and provisions of this Agreement, for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, and intending to be legally bound, Comcast and the Debtor mutually covenant and agree as follows:

1.      Recitals.  The Recitals are incorporated into this Agreement by reference.

DMEAST #37531875 v8

2.    Bankruptcy Court Approval. On or before June 14, 2019, the Debtor shall file a motion with the Bankruptcy Court seeking entry of an Approval Order (as hereinafter defined) and a motion seeking expedited consideration of the Debtor's motion for entry of an Approval Order at a hearing to be conducted on or before July 12, 2019. In the event an Approval Order is not entered on or before July 19, 2019, the Parties shall be restored to their respective positions as existed immediately prior to the execution and delivery of this Agreement and without further obligations hereunder.

a.    Except with respect to the obligation of the Debtor to seek entry of an Approval Order on an expedited basis, this Agreement shall not be effective until:

(i)    an order in a form acceptable to Comcast is entered by the Bankruptcy Court approving of this Agreement and, among other things, (A) authorizing the Debtor to enter into this Agreement and perform hereunder, (B) generally releasing Comcast from any liability to the Debtor or the Debtor's bankruptcy estate except for liability for a breach of this Agreement, (C) irrevocably waiving and releasing any right or ability of the Debtor to charge, claim, or recover early termination fees or any other relief from Comcast under the MSA, (D) rejecting the MSA effective at the end of the Term (as hereinafter defined) pursuant to section 365 of the Bankruptcy Code, (E) approving of and authorizing the assignment to Comcast, to the extent Comcast directs such assignment in accordance with this Agreement, of any Ethernet transport circuit used to provide the Services to Comcast under the MSA, including, on an as-is/where-is basis and to the extent the Debtor owns or has rights thereto, all conduit, physical assets, and/or cross-connections associated with such Ethernet transport circuit, free and clear of all liens, claims, encumbrances, and interests pursuant to section 363(f) of the Bankruptcy Code, (F) approving of the Designation Rights described in paragraph 5 hereof, and (G) granting Comcast immediate relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code to exercise its rights and perform its obligations under this Agreement, to terminate the MSA, to terminate Services under the MSA with respect to any specific customers or circuits, and to otherwise wind down and, ultimately, terminate Comcast's business and contractual relationship with the Debtor (an "Approval Order"), and

(ii)    the fourteen-day period for filing an appeal from such Approval Order expires without an appeal being filed.

b.    The Approval Order shall also expressly provide that the terms of the Approval Order and this Agreement shall survive entry of any order that may be entered converting the Bankruptcy Case to a case under chapter 7 of the Bankruptcy Code or dismissing this Bankruptcy Case and, further, that the Approval Order and this Agreement shall be binding upon any trustee or other estate representative appointed as a representative of the Debtor's bankruptcy estate. The date on which such conditions are met is referred to herein as the "Effective Date." In the event a timely appeal of an Approval Order is filed, unless Comcast and the Debtor agree otherwise in writing, Comcast and the Debtor shall be restored to their respective positions as existed immediately prior to the execution and delivery of this Agreement and without further obligations hereunder.

3.    The Debtor's Obligations to Comcast With Respect to Transition of Services.

a.    For a period of four (4) months from the Effective Date (the "Original Term") and, if extended by written agreement of the Parties, on a month to month basis, for a maximum of eight (8) months following the end of the Original Term (the "Extended Term"), the Debtor will provide transition services to support the assignment, transfer, termination, or discontinuation of those Ethernet transport circuits and Services provided to Comcast under the MSA and specifically listed in the attached Exhibit A, as determined and directed by Comcast. The Original Term and any Extended Term are referred to herein as the "Term."

b.    As part of such transition services, the Debtor will use its best efforts to maintain, during the Term, the Ethernet transport circuits listed in Exhibit A that are currently active with Comcast and to maintain the Services with respect to the Ethernet transport circuits active with Comcast in accordance with the standards for such Services established in the MSA. Such efforts by the Debtor shall include, but are not limited to, paying and remaining current with the impacted Ethernet transport circuit and network-to-network interface ("NNI") third-party providers, which shall be documented and made available to Comcast within five (5) business days of a written request by Comcast (with the Debtor expressly agreeing that an email request by Comcast shall suffice).  If the Debtor is unable to make any required payment to such Ethernet transport circuit or NNI third-party providers, it shall provide written notice, at the addresses and by the methods set forth in paragraph 13 of this Agreement, to Comcast at least five (5) business days in advance of the date on which the payment is due.

c.    For any Ethernet transport circuit that Comcast directs the Debtor to assign or transfer to it, the Debtor will also assign to Comcast, at no additional cost and only to the degree that the Debtor owns or has ownership rights thereto, all conduit, physical assets, and/or cross-connections associated with such Ethernet transport circuit free and clear of all liens, claims, encumbrances, and interests.  At the end of the Term, the Debtor shall disconnect all Ethernet transport circuits that remain active with Comcast (to the extent Comcast has not previously terminated pursuant to paragraph 4), the MSA shall be deemed rejected as of the last day of the Term and Comcast shall have no further liability or obligations to the Debtor under the MSA.

d.    At the end of the Term, the Debtor shall further file a notice with the Bankruptcy Court stating the date on which the Term ended and the MSA was rejected.  No Ethernet transport circuits, or conduit, physical assets, and/or cross-connections shall be transferred or assigned by the Debtor to Comcast unless Comcast directs such assignment or transfer in writing.

e.    During the Term, the Debtor shall continue to provide Services and perform all of its obligations under the MSA in accordance with the requirements, terms, and conditions set forth in the MSA except with respect to those Ethernet transport circuits and NNI's that have been assigned, disconnected, or otherwise transitioned in accordance with this Agreement.

4.    Comcast's Right to Transition Services.

a.    During the Term, Comcast may make such arrangements to transition Ethernet transport circuits and Services provided by the Debtor to Comcast under the MSA to itself

or such other third-party providers as Comcast may determine to be in its best interests and necessary or advisable to provide services to its customers. The Debtor hereby grants Comcast the right to coordinate directly with the Debtor's third-party providers for purposes of transitioning Comcast's customers away from the Debtor's Services, circuits, and NNI's and terminating the provision of the Services and circuits to Comcast.

b.    The mechanisms and methods for transitioning Comcast's customers and ensuring service continuity shall be determined in Comcast's reasonable discretion. The Debtor hereby consents to entry of an order by the Bankruptcy Court granting Comcast relief from the automatic stay to engage in such activities and to exercise its rights and remedies under this Agreement. Upon thirty (30) days' notice by Comcast to the Debtor, Comcast may terminate the Services under the MSA with respect to any specific customers or circuits, and Comcast shall have no liability to the Debtor for any early termination charge or any other amounts to be paid under the MSA in connection with such customer, circuit, or termination. Further, Comcast shall have no liability to the Debtor for any early termination charge or any other amounts to be paid under the MSA for any termination of Services under the MSA with respect to any specific customers or circuits that occurred any time on or after January 1, 2019, but before the Effective Date hereof.

c.    Comcast may further designate any Ethernet transport circuit for assignment to Comcast, including, to the extent the Debtor owns or has ownership rights thereto, all conduit, physical assets, and/or cross-connections associated with such Ethernet transport circuit.

5.    <u>Designation Rights.</u>

a.    From the Effective Date through the earlier of (i) confirmation of a plan of reorganization in the Bankruptcy Case or (ii) the end of the Term, Comcast shall have the exclusive right to select, identify and designate any executory contracts between the Debtor and Ethernet transport circuit providers of which, Comcast, as of the Effective Date, currently receives the benefit of such Ethernet transport circuits (each, a "<u>Designated Executory Contract</u>") for assumption and assignment to Comcast in accordance with section 365 of the Bankruptcy Code. Comcast shall provide notice to the Debtor of the designation of a Designated Executory Contract in accordance with paragraph 13 hereof and, within five (5) business days of providing such notice, the Debtor shall file a motion (an "<u>Assumption Motion</u>") with the Bankruptcy Court seeking to assume and assign such Designated Executory Contract to Comcast and proposing the amount required to be paid in order to cure existing monetary defaults under the Designated Executory Contract in an amount not to exceed, together with all other cure amounts under Designated Executory Contracts, the Retention Reserve (the "<u>Cure Amount</u>"); provided, however, Comcast may not require the Debtor to file more than two (2) Assumption Motions during any thirty (30) day period. Provided no appeal or motion for reconsideration has been filed, within fifteen (15) business days of the entry of an Order approving the assumption and assignment of a Designated Executory Contract to Comcast and provided further that Comcast has not determined to reject the Designated Executory Contract, Comcast shall pay the Cure Amount from the Retention Reserve directly to the third-party provider that is the nondebtor counterparty to the Designated Executory Contract; provided, however, that in the event the aggregate Cure Amount for the Designated Executory Contracts exceeds the amount of the Retention Reserve, the Debtor shall be responsible for paying all Cure Amounts that exceed the amount of the Retention Reserve to the third-party

provider that is the counterparty to the Designated Executory Contract. Moreover, in the event that the counterparty to the Designated Executory Contract objects to the Cure Amount proposed by the Debtor, Comcast shall have the right to withdraw its designation of the Designated Executory Contract for assumption and assignment to Comcast and, upon so doing, shall have no obligation to pay any amount to the applicable counterparty to the Designated Executory Contract.

      b.    Any order entered approving the assumption and assignment of a Designated Executory Contract to Comcast shall be in a form and upon such terms as are reasonably acceptable to Comcast. The Debtor shall not assume and assign any executory contracts between the Debtor and Ethernet transport circuit providers of which, Comcast, as of the Effective Date, currently receives the benefit of such Ethernet transport circuits, to Comcast unless Comcast designates such executory contracts for assignment in accordance with the procedures set forth in this paragraph.

6.    <u>Payments by Comcast</u>:

      a.    During the Term, the payment obligations established under this Agreement shall be in addition to the obligations of Comcast to pay for Services under the MSA; provided, however, for each Ethernet transport circuit or NNI used to provide the Services to Comcast that is transitioned, assigned, or, after notice, disconnected; Comcast's obligation to pay for Services under the MSA shall be proportionately reduced.

      b.    <u>Total Circuits Charge</u>. Comcast shall pay a maximum of Five Hundred and Fifty Thousand Dollars ($550,000) ("<u>Total Circuits Charge</u>") to the Debtor, which represents the present value of existing and active Ethernet transport circuits provided by the Debtor and its subcontractors to Comcast and Comcast's customers on Comcast's behalf, in installments during the Term, subject to the successful completion of the transition of the Services and less any Credits (as defined below) to which Comcast is entitled at any time during the Term, as set forth below:

        i.    Two Hundred Thousand Dollars ($200,000) of the Total Circuits Charge to be paid by Comcast to the Debtor within five (5) business days of the occurrence of the Effective Date of this Agreement;

        ii.    The remaining Three Hundred Fifty Thousand Dollars ($350,000) of the Total Circuits Charge to be paid by Comcast to the Debtor within forty-five (45) calendar days of the earlier of (A) receipt of the Invoice following the final completed assignment, transfer, termination, or discontinuation of all other active Services, Ethernet transport circuits, and NNIs for Comcast or (B) the end of the Term of this Agreement provided that the Debtor has not breached any of its obligations under this Agreement and no Debtor Event of Default has occurred under this Agreement.

      c.    <u>Credits Against Total Circuits Charge for Service Outage</u>. For each service outage arising out of or related to the Debtor's failure to pay its third-party Ethernet transport circuits and/or NNI providers, listed in the attached <u>Exhibit A</u>, during the Term, the Debtor shall provide Comcast with a credit reducing the amount of the Total Circuits Charge by an amount equal to twenty-five percent (25%) of the Total Circuits Charge due under the Agreement (each a "<u>Credit</u>" and collectively, "<u>Credits</u>"), and such Credits may be cumulative up to one hundred

percent (100%) of the Total Circuits Charge due under the Agreement. Credits will be deducted or setoff from the Total Circuits Charge payable by Comcast to the Debtor and the Debtor shall include all Credits on the Invoice to be sent to Comcast; provided, however, that in the event the Debtor fails to include any Credits on an Invoice, Comcast shall nonetheless be entitled to reduce, recoup, or offset the Credits against any installment of the Total Circuits Charge. In the event that at the end of the Term or the termination, expiration, or cancellation of this Agreement, Comcast has overpaid the Total Circuits Charge less Credits, the Debtor will reimburse Comcast for any remaining Credits within thirty (30) days of the end of the Term or the termination, expiration or cancellation of this Agreement.

      d.    Retention Reserve. In addition to the Total Circuits Charge, Comcast hereby agrees to pay an additional amount of One Hundred Fifty Thousand Dollars ($150,000) in connection with amounts required to cure monetary defaults relating to Ethernet transport circuits and Services provided to Comcast under Designated Executory Contracts (if any) pursuant to section 365 of the Bankruptcy Code (the "Retention Reserve"). To the extent that the amounts required to be paid to cure monetary defaults under Designated Executory Contracts is less than the amount of the Retention Reserve, the difference between One Hundred Fifty Thousand Dollars ($150,000) and the amounts paid by Comcast to cure monetary defaults under Designated Executory Contracts that are assumed and assigned to Comcast, shall be paid by Comcast to the Debtor within forty-five (45) calendar days of the end of the Term. For clarity, the Retention Reserve shall first be used in its entirety prior to the Debtor having to use the Total Circuits Charge to cure monetary defaults under its contracts with Ethernet transport service providers or any executory contracts designated for assumption and assignment to Comcast.

      e.    Monthly Recurring Charge. Comcast will pay a monthly recurring charge ("NNI MRC") of Fifty Thousand Dollars ($50,000) spread equally across each of the eleven (11) documented NNIs associated with active Ethernet transport circuits provided by the Debtor to Comcast; provided, however, that the total NNI MRC amount shall be reduced in equal proportions for each NNI that is terminated under this Agreement. Comcast shall be obligated to pay such NNI MRC for the shorter of: (i) the period of time necessary to assign, transfer, terminate, or discontinue such circuits under the terms of the Agreement, or (ii) the Term. Comcast shall not be obligated to pay any NNI MRC for those NNIs that the Debtor sells or assigns to a third-party. Comcast may, in its sole discretion, pay the pro-rata amounts of the aforementioned NNI MRC directly to the applicable third-party NNI providers, and such payments shall be deemed full satisfaction of Comcast's payment obligations to the Debtor for such NNI MRC. Comcast acknowledges that a third-party provider may provide more than one NNI location ("Affiliated Locations") used by Comcast, and that the reduction of the NNI MRC at one location may be subject to the discontinued use by Comcast of all Affiliated Locations.

      f.    Invoices. As amounts become due and owing by Comcast under this Agreement, the Debtor will provide to Comcast periodic invoices (an "Invoice" and, collectively, Invoices") covering the amounts the Debtor asserts are then due and owing by Comcast. Each Invoice shall be submitted to Comcast electronically in accordance with Comcast's electronic payment policies then in effect. Payments by Comcast, including partial payments of undisputed amounts, shall be remitted electronically by Comcast to the Debtor to an account designated by the Debtor within sixty (60) days of Comcast's receipt of a proper Invoice.

7.    Debtor's Release of Comcast.  The Debtor, on behalf of itself and the Debtor's bankruptcy estate (the "Debtor Releasors"), hereby remise, release, waive, and forever discharge Comcast and its officers, directors, shareholders, owners, members, partners, employees, agents, representatives, predecessors, successors, parent corporations, subsidiaries, affiliates, assigns, creditors, insurers, and attorneys (the "Comcast Released Parties") of and from any and all claims, actions, causes of action, suits, accounts, covenants, contracts, controversies, debts, damages, judgments, and demands of whatever kind or nature that the Debtor Releasors ever had, now have, or may have, against the Comcast Released Parties, including, without limitation, any claims arising under or related to the MSA, payment of any early termination charges that might otherwise be payable under the MSA, and payment of any amounts due or under the MSA.

8.    Comcast's Release of the Debtor.  Effective on the business day immediately following the end of the Term and provided the Debtor has not breached any of its obligations under this Agreement and no Debtor Event of Default has occurred under this Agreement, Comcast shall remise, release, waive, and forever discharge the Debtor and the Debtor's bankruptcy estate of and from any and all claims, actions, causes of action, suits, accounts, covenants, contracts, controversies, debts, damages, judgments, and demands of whatever kind or nature arising under or related to the MSA, the Services to be provided under the MSA, or for any amount due under the MSA, that Comcast has or may have, against the Debtor.

9.    Default by Debtor.  The occurrence of any of the following shall constitute an event of default by the Debtor under this Agreement, upon two (2) business days' written notice to the Debtor by Comcast: (a) any default, violation, or breach of any of the terms of this Agreement by the Debtor, (b) a service outage for one of Comcast's customers arising out of or related to the Debtor's failure to pay its third-party Ethernet transport and/or NNI providers or a service outage otherwise occurs for one of Comcast's customers that the Debtor does not rectify in accordance with the requirements of the MSA, (c) conversion of the Bankruptcy Case to a case under chapter 7 of the Bankruptcy Code, (d) the appointment of a trustee in the Bankruptcy Case, (e) the dismissal of the Bankruptcy Case, or (f) the entry of any order modifying, reversing, revoking, staying, rescinding, vacating, or amending the Approval Order without the express prior written consent of Comcast (each constituting a "Debtor Event of Default" and, collectively, "Debtor Events of Defaults").  For clarity, Comcast shall be entitled to a Credit reducing the amount of the Total Circuits Charge for each service outage for a Comcast customer arising out of or related to the Debtor's failure to pay its third-party Ethernet transport circuit and/or NNI providers during the Term, regardless of whether a Debtor Event of Default has occurred or is noticed under this Agreement.

10.    Remedies Upon a Default by Debtor.  Upon the occurrence of any Debtor Event of Default, Comcast may, at its election and without further order of the Bankruptcy Court, terminate this Agreement and, subject to the limitations in paragraph 13, seek allowance of an administrative claim or other damages and claims in the Bankruptcy Case, and Comcast shall have no obligation to make any further payments to the Debtor under this Agreement.

11.    Default by Comcast.  In the event Comcast, upon fifteen (15) business days' written notice to Comcast by the Debtor and an opportunity to cure within that fifteen (15) business day period, fails to make any payment due and owing hereunder to the Debtor or otherwise materially

breaches the Agreement, the Debtor shall be entitled to terminate this Agreement and assert a claim against Comcast in the Bankruptcy Court for all amounts remaining due and owing by Comcast under this Agreement and all amounts that would have become due and owing by Comcast to the Debtor under this Agreement but for termination of this Agreement as the result of Comcast's uncured default.

12.    **Limitation of Damages Against Comcast.** IN NO EVENT SHALL COMCAST BE LIABLE FOR PUNITIVE, EXEMPLARY, SPECIAL, INDIRECT, INCIDENTAL, OR CONSEQUENTIAL DAMAGES (INCLUDING DAMAGES FOR DIMINUTION IN VALUE, LOSS OF BUSINESS REPUTATION, LOSS OF BUSINESS PROFITS, BUSINESS INTERRUPTION, FACILITY SHUTDOWN OR NON-OPERATION, LOSS OF DATA OR ANY OTHER LOSS) ARISING FROM OR RELATING TO ANY CLAIM MADE UNDER THIS AGREEMENT OR REGARDING THE TRANSACTIONS CONTEMPLATED HEREUNDER AND THE PROVISION OR RECEIPT OF OR THE FAILURE TO PROVIDE OR RECEIVE PAYMENTS BY COMCAST HEREUNDER, WHETHER OR NOT CAUSED BY OR RESULTING FROM NEGLIGENCE OR BREACH OF OBLIGATIONS HEREUNDER; EVEN IF COMCAST HAD BEEN ADVISED OR WAS AWARE OF THE POSSIBILITY OF SUCH DAMAGES.  THE AGGREGATE LIABILITY OF COMCAST WITH RESPECT TO THIS AGREEMENT, THE SERVICES OR THE TRANSACTIONS CONTEMPLATED HEREBY SHALL NOT EXCEED, IN THE AGGREGATE, THE TOTAL CIRCUITS CHARGE DESCRIBED IN PARAGRAPH 6B ABOVE PAID BY COMCAST UNDER THIS AGREEMENT, EXCEPT IN THE CASE OF FRAUD, GROSS NEGLIGENCE OR WILLFUL MISCONDUCT BY COMCAST.

13.    **Limitation of Damages Against Debtor or Debtor's Bankruptcy Estate.**  THE AGGREGATE LIABILITY OF THE DEBTOR WITH RESPECT TO THIS AGREEMENT, THE SERVICES OR THE TRANSACTIONS CONTEMPLATED HEREBY SHALL NOT EXCEED, IN THE AGGREGATE, THE TOTAL CIRCUITS CHARGE DESCRIBED IN PARAGRAPH 6B ABOVE AND PAID BY COMCAST UNDER THIS AGREEMENT, EXCEPT IN THE CASE OF FRAUD, GROSS NEGLIGENCE OR WILLFUL MISCONDUCT BY THE DEBTOR.

14.    **Relationship of the Parties.** Nothing contained herein shall be deemed to create a partnership, joint venture, or similar relationship between the Parties. No Party is the agent, employee, joint venturer, partner, franchisee, or representative of any other Party. Each Party specifically acknowledges that it does not have the authority to, and shall not, incur any obligations or responsibilities on behalf of any other Party. Notwithstanding anything to the contrary in this Agreement, each Party (and its officers, directors, agents, employees, and members) shall not hold themselves out as employees, agents, representatives, or franchisees of any other Party or enter into any agreements on such Party's behalf.

15.   Notices.  All notices hereunder shall be deemed given if in writing and delivered personally or sent by overnight courier, overnight delivery service, or by registered or certified mail (return receipt requested) to the Parties at the following addresses (or at such other addresses as shall be specified by like notice):

a.   if to Comcast, to:

Comcast Business Communications, LLC
Attn: Christopher Ray
7250 S Havana St.
Centennial, CO 80112

With copies (which shall not constitute notice hereunder) to:

Mitchell Metcalf, Esquire
Comcast Business Communications, LLC
Comcast Cable Legal Department
One Comcast Center
Philadelphia, PA  19103

- and -

Matthew G. Summers, Esquire
Ballard Spahr LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801

b.   if to Debtor, to:

Paradigm Telecom II, LLC
Attention:  Carl Merzi
14850 Woodham Dr., Suite 1058
Houston, TX 77073

With a copy (which shall not constitute notice hereunder) to:

Richard Fuqua, Esquire
Fuqua & Associates, P.C.
5005 Riverway, Suite 250
Houston, TX 77056

Any notice given by mail or overnight courier or delivery service shall be effective when delivery is attempted.

16.   No Oral Modification.  Neither this Agreement nor any other instrument or document referred to herein or therein may be changed, waived, discharged or terminated orally,

but only by an instrument in writing signed by the party against whom enforcement of the change, waiver, discharge or termination is sought.

17.     Headings.  The headings used herein are for convenience only and do not constitute matters to be considered in interpreting this Agreement.

18.     Counterparts.  This Agreement may be executed in any number of duplicates, originals, or counterparts, each of such duplicates, originals or counterparts shall be deemed an original and taken together shall constitute one and the same instrument.  Copies of originally signed counterparts of this Agreement may be delivered by facsimile or by a "PDF" file delivered by electronic mail, and each signature thereto shall be treated as an original signature, as if all Parties had executed a single original document.

19.     Choice of Law & Waiver of Right to Trial by Jury.  This Agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Pennsylvania without regard to its conflicts of laws principles.  This Agreement shall not be construed against the party who drafted or caused this Agreement to be drafted.  THE PARTIES HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHT SUCH PARTIES MAY HAVE TO A TRIAL BY JURY WITH RESPECT TO ANY SUIT OR ACTION ARISING OUT OF THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.  EACH PARTY HEREBY CERTIFIES THAT NEITHER IT NOR ANY OF ITS REPRESENTATIVES HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT IT WOULD NOT SEEK TO ENFORCE THIS WAIVER OF RIGHT TO JURY TRIAL.  FURTHER, EACH PARTY ACKNOWLEDGES THAT THE OTHER PARTY RELIED ON THIS WAIVER OF RIGHT TO JURY TRIAL AS A MATERIAL INDUCEMENT TO ENTER INTO THIS AGREEMENT.

20.     Successors and Assignment.  This Agreement and the rights and obligations arising hereunder shall be binding upon and shall inure to the benefit of the Parties and to their respective legal representatives, successors, and permitted assigns. Neither this Agreement nor any of the rights, interests, or obligations hereunder shall be transferred, delegated, or assigned by any Party without the prior written consent of the other Party.  Any attempted assignment or delegation in contravention hereof shall be null and void.

21.     Severability.  In the event any provision (or any part of any provision) contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision (or remaining part of the affected provision) of this Agreement, but this Agreement shall be construed as if such invalid, illegal or unenforceable provision (or any part thereof), had never been contained herein, but only to the extent it is invalid, illegal or unenforceable.

22.     No Third Party Beneficiaries.  No provision of this Agreement is intended to confer upon any person or entity other than the Parties hereto any rights or remedies hereunder.

23.     Supply of Services.  The Parties acknowledge and agree that this Agreement is an agreement for the supply of services and is not an agreement for the sale of goods and shall not be

governed by Article 2 of the Uniform Commercial Code or the International Convention for the Sale of Goods or any analogous statutory law purporting to apply to the sale of goods.

24. <u>Attorneys' Fees, Expenses, & Costs</u>. The Parties will bear their own respective attorney's fees, expenses and costs in connection with negotiation and preparation of this Agreement, seeking entry of an Approval Order, and consummating the transactions contemplated herein.

25. <u>Compliance with Laws</u>. In performing its obligations, each of the Parties will comply with all federal, state, and local laws, ordinances, tariffs, and regulations of any governmental authority applicable to such Party's performance of obligations hereunder.

[Signatures on Next Page]

PARADIGM TELECOM II, LLC

By: Carl Merzi

Its: Managing Member


COMCAST BUSINESS COMMUNICATIONS, LLC

By: LESLIE FEIN
    SVP, Procurement

Its:

EXHIBIT A TO AGREEMENT FOR TRANSITION AND TERMINATION
OF SERVICES AND RELEASE

| Paradigm Sales ID | Paradigm Job Number | Type | NNI City | Component Type | Vendor ID | Provider | Circuit ID / Project | Description | Active at Agreement Date | Assume During Term (optional) | Reject During Term |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1000015.002 | J1600369 | NNI | ASH | Cross-Connect | 10001126.0 | SummitIG | NNI - Ashburn | SummitIG connection from ABB to Paradigm Ashburn NNI (building to building 3.5 miles apart) | Yes | | Yes |
| 1000015.002 | J1600369 | NNI | ASH | Colo | 10000620.0 | Digital Realty Trust Corporation | NNI - Ashburn | Colocation services at Ashburn Va | Yes | | Yes |
| 1000015.002 | J1600369 | NNI | ASH | Colo | 10001016.0 | ICTX-WaveMedia | NNI - Ashburn | NNI Equipment Rental | Yes | | Yes |
| 1000015.002 | J1600369 | NNI | ASH | Cross-Connect | 10001126.0 | SummitIG | NNI - Ashburn | SummitIG connection from Perseus to Paradigm Ashburn NNI (building to building 3.5 miles apart) | Yes | | Yes |
| 1000015.002 | J1600369 | NNI | ASH | Cross-Connect | 10000620.0 | Digital Realty Trust Corporation | NNI - Ashburn | DLR Tele Cross Connect to Bldg G to SummitIG to Attachmt HH | Yes | | Yes |
| 1000015.002 | J1600369 | NNI | ASH | Circuit | 10000478.0 | Atlantic Broadband | NNI - Ashburn | Atlantic Broadband HH | Yes | | Yes |
| 1000030.000 | J1600398 | Service to Comcast | ASH | | 10000836.0 | Paradigm | PTT35T-10M-HYDE-ASHBURN | Comcast - 10M 659 Clayton Road, Floor 1 Telco Room, Hyde, PA to VA | Yes | | Yes |
| 1000030.000 | J1600398 | Underlying Provider | ASH | Circuit | 10000478.0 | Atlantic Broadband | PTT103T-10M-1275 ASHBURN-COM | Comcast - 1275 NATIONAL HWY LAVALE 10M using Atlantic | Yes | | Yes |
| 1000162.000 | P1700123 | Service to Comcast | ASH | | 10000836.0 | Paradigm | PTT103T-10M-1275 ASHBURN-COM | Comcast - 1275 NATIONAL HWY LAVALE 10M using Atlantic | Yes | | Yes |
| 1000162.000 | P1700123 | Underlying Provider | ASH | Circuit | 10000478.0 | Atlantic Broadband | PTT212T-50M-315-ASHBURN-COM | AtlantICBB circuit to Lavale MO | Yes | | Yes |
| 1000268.000 | P1700302 | Service to Comcast | ASH | | 10000836.0 | Paradigm | PTT212T-50M-315-ASHBURN-COM | Comcast - (Cust move) 50M, 60 mo's to 315 Union Ave, Altoona, PA to ASH NNI using ABB | Yes | | Yes |
| 1000268.000 | P1700302 | Underlying Provider | ASH | Circuit | 10000478.0 | Atlantic Broadband | Comcast - (Cust move) 50M, 60 mo's to 315 Union Ave, Altoona, PA to ASH NNI using ABB | Practical Admin | Yes | | Yes |
| 1000015.004 | J1600370 | NNI | ATL | Colo | 10000620.0 | Digital Realty Trust Corporation | NNI - Atlanta | Colocation Atlanta | Yes | | Yes |
| 1000015.004 | J1600370 | NNI | ATL | Colo | 10001016.0 | ICTX-WaveMedia | NNI - Atlanta | NNI Equipment Rental | Yes | | Yes |
| 1000015.004 | J1600370 | NNI | ATL | Cross-Connect | 10000620.0 | Digital Realty Trust Corporation | NNI - Atlanta | 3 Pack Cross-Connect | Yes | | Yes |
| 1000015.004 | J1600370 | NNI | ATL | Circuit | 10000992.0 | WOW Wholesale | NNI - Atlanta | WOW NNI connection Windstream/Earthlink NNI | Yes | | Yes |
| 1000015.004 | J1600370 | NNI | ATL | | 10000442.0 | Windstream Corporation | NNI - Atlanta | connection Digital | Yes | | Yes- |
| 1000015.004 | J1600370 | NNI | ATL | Colo | 10000620.0 | Digital Realty Trust Corporation | NNI - Atlanta | Realty_3pack_XConnect_02152018 | Yes | | Yes |
| 1000025.000 | J1600397 | Service to Comcast | ATL | | 10000836.0 | Paradigm | PTT20T-100M-NCHARLESTON-ATLANTA | Comcast - 100M N Charleston, SC to ATL | Yes | | Yes |
| 1000025.000 | J1600397 | Underlying Provider | ATL | Circuit | 10000992.0 | WOW! Wholesale | Comcast - 100M N Charleston, SC to ATL | WOW! Wholesale Order | Yes | | Yes |
| 1000159.000 | P1700122 | Service to Comcast | ATL | | 10000836.0 | Paradigm | PTT85T-10M-S098-ATLANTA-COM | Comcast - 10M 36 mo's from Long Beach, MS to ATL NNI using Windstream | Yes | | Yes |
| 1000159.000 | P1700122 | Underlying Provider | ATL | Circuit | 10000442.0 | Windstream Corporation | Comcast - 10M 36 mo's from Long Beach, MS to ATL NNI using Windstream | Windstream to Long Beach MS | Yes | | Yes |

Exhibit A - 1 OF 8

EXHIBIT A TO AGREEMENT FOR TRANSITION AND TERMINATION
OF SERVICES AND RELEASE

| Paradigm Sales ID | Paradigm Job Number | Type | NNI City | Component Type | Vendor ID | Provider | Circuit ID / Project | Description | Activ# at Agreement Date | Assume During Term (optional) | Reject During Term |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1000195.000 | P1700210 | Service to Comcast | ATL | | 10000836.0 | Paradigm | PTT16JT-10M-404-ATLANTA-COM | Comcast - 10M, 60 mo from New Tazewell, TN to ATL NNI using Sunset Digital | Yes | | Yes |
| 1000195.000 | P1700210 | Underlying Provider | ATL | Circuit | 10001154.0 | Sunset Digital Communications | Comcast - 10M, 60 mo from New Tazewell, TN to ATL NNI using L3 (GTT) | Enrichment Federal Credit | Yes | | Yes |
| 1000015.010 | J1600373 | NNI | HOU | Internet | 10000446.0 | Level 3 Communications, LLC | NNI - Houston | Internet at CoLo in Houston | Yes | | Yes |
| 1000015.010 | J1600373 | NNI | HOU | CoLo | 10000446.0 | Level 3 Communications, LLC | NNI - Houston | Colocation Houston | Yes | | Yes |
| 1000015.010 | J1600373 | NNI | HOU | CoLo | 10001010.0 | ICTX-WaveMedia | NNI - Houston | NNI Equipment Rental | Yes | | Yes |
| 1000015.010 | J1600373 | NNI | HOU | Cross-Connect | 10000446.0 | Level 3 Communications, LLC | NNI - Houston | Cross-Connect to Charter/Spectrum | Yes | | Yes |
| 1000015.010 | J1600373 | NNI | HOU | Cross-Connect | 10000446.0 | Level 3 Communications, LLC | NNI - Houston | Cross-Connect to Alpheus to Dallas/NTS | Yes | | Yes |
| 1000015.010 | J1600373 | NNI | HOU | Dark Fiber | 10000446.0 | Level 3 Communications, LLC | NNI - Houston | Level 3 House Stands Houston 12001 North Freeway | Yes | | Yes |
| 1000059.000 | P1700092 | Service to Comcast | HOU | | 10000836.0 | Paradigm | PTT131T-20M-4210-HOUSTON | Comcast - 20M Wichita Falls, TX to Houston NNI | Yes | | Yes |
| 1000059.000 | P1700092 | Underlying Provider | HOU | Circuit | 10000650.0 | Alpheus Communications | Comcast - 20M Wichita Falls, TX to Houston NNI | Alpheus Communications order | Yes | | Yes |
| 1000059.000 | J1700092 | Underlying Provider | HOU | Circuit | 10000736.0 | NTS Communications | Comcast - 20M Wichita Falls, TX to Houston NNI | NTS Communications Order | Yes | | Yes |
| 1000059.000 | J1700092 | Underlying Provider | HOU | Demarc Ext | 10000736.0 | NTS Communications | Comcast - 20M Wichita Falls, TX to Houston NNI (done) | Fiber extension to 2nd floor per Comcast | Yes | | Yes |
| 1000153.000 | P1700114 | Service to Comcast | HOU | | 10000836.0 | Paradigm | PTT82T-10M-6010-HOUSTON-COM | Comcast - 6010 HALLMARK AVE AMARILLO 10M using NTS/Alpheus | Yes | | Yes |
| 1000153.000 | P1700114 | Underlying Provider | HOU | Circuit | 10000736.0 | NTS Communications | Comcast - 6010 HALLMARK AVE AMARILLO 10M using NTS | Circuit to Amarillo from NTS going to Alpheus | Yes | | Yes |
| 1000153.000 | P1700114 | Underlying Provider | HOU | Circuit | 10000650.0 | Alpheus Communications | Comcast - 10M from Amarillo, TX to HOU NNI | Circuit from Dallas to Houston for 10M EVC for VTI Security Amarillo | Yes | | Yes |
| 1000171.000 | P1700129 | Service to Comcast | HOU | | 10000836.0 | Paradigm | PTT94T-100M-168-HOUSTON-COM | Comcast - 100M from Huntsville, TX to HOU NNI using Altice | Yes | | Yes |
| 1000171.000 | P1700129 | Underlying Provider | HOU | Circuit | 10000816.0 | Suddenlink Communications | Comcast - 100M from Huntsville, TX to HOU NNI using Altice | Circuit to Huntsville via SuddenLink | Yes | | Yes |
| 1000192.000 | P1700206 | Service to Comcast | HOU | | 10000836.0 | Paradigm | PTT129T-1G-18057-HOUSTON-COM | Comcast - 18057 HIGHWAY 105 W MONTGOMERY 1G using ICTX | Yes | Yes | |
| 1000192.000 | P1700206 | Underlying Provider | HOU | Circuit | 10001016.0 | ICTX-WaveMedia | Comcast - 18057 Highway105 W Montgomery 1G using ICTX | St Lukes (Montgomery) | Yes | Yes | |
| 1000218.000 | P1700253 | Service to Comcast | HOU | | 10000836.0 | Paradigm | PTT179T-100M-19782-HOUSTON-COM | Comcast - 100M, 36 mo from Hwy 105, Montgomery, TX to HOU NNI using ICTX | Yes | Yes | |
| 1000218.000 | P1700253 | Underlying Provider | HOU | Circuit | 10001016.0 | ICTX-WaveMedia | Comcast - 100M, 36 mo from Hwy 105, Montgomery, TX to HOU NNI using ICTX | 19782 Hwy 105 Montgomery | Yes | Yes | |

EXHIBIT A TO AGREEMENT FOR TRANSITION AND TERMINATION
OF SERVICES AND RELEASE

| Paradigm Sales ID | Paradigm Job Number | Type: | NNI City | Component Type | Vendor ID | Provider | Circuit ID / Project | Description | Active at Agreement Date | Assume During Term (optional) | Reject During Term |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1000255,000 | P1700289 | Service to Comcast | HOU | | 10000836,0 | Paradigm | PTT19ST-20M-107-HOUSTON-COM | Comcast - 20M, 36 mo from Los Indios, TX to HOU NNI Using Alpheus | Yes | | Yes |
| 1000255,000 | P1700289 | Underlying Provider | HOU | Circuit | 10000680,0 | Alpheus Communications | Comcast - 20M, 36 mo from Los Indios, TX to HOU NNI Using TX Lone Star Networks | Toyota Gosel - 107 | Yes | | Yes |
| 1000015,007 | J1600374 | NNI | INDY | Colo | 10001141,0 | 365 Data Centers Services, LLC | NNI - Indianapolis | Colocation Indianapolis | Yes | | Yes |
| 1000015,007 | J1600374 | NNI | INDY | Colo | 10001016,0 | ICTX-WaveMedia | NNI - Indianapolis | NNI Equipment Rental | Yes | | Yes |
| 1000015,007 | J1600374 | NNI | INDY | Cross-Connect | 10001141,0 | 365 Data Centers Services, LLC | NNI - Indianapolis | 365 Datacenter XCON to IFN | Yes | | Yes |
| 1000015,007 | J1600374 | NNI | INDY | Circuit | 10000316,0 | Indiana Fiber Network, LLC | NNI - Indianapolis | IFN NNI circuit | Yes | | Yes |
| 1000015,007 | J1600374 | NNI | INDY | Cross-Connect | 10001141,0 | 365 Data Centers Services, LLC | NNI - Indianapolis | 365 Datacenter XCON to US Signal | Yes | | Yes |
| 1000015,007 | J1600374 | NNI | INDY | Circuit | 10000690,0 | US Signal Company | NNI - Indianapolis | US Signal NNI connect to Paradigm | Yes | | Yes |
| 1000068,000 | P1700059 | Service to Comcast | INDY | | 10000836,0 | Paradigm | PTT43T-10M-6650-INDIANAPOLIS-COM | Comcast - 10M 36 mo's from Zionsville, IN to Indy NNI | Yes | | Yes |
| 1000068,000 | P1700059 | Underlying Provider | INDY | Demarc Ext | 10001132,0 | Integrated Network Cable (Sho-Me Cables) | Comcast - 10M 36 mo's from Zionsville, IN to CIN NNI | Extension site survey by Integrated Network Cable | Yes | | Yes |
| 1000068,000 | P1700059 | Underlying Provider | INDY | Circuit | 10000116,0 | Indiana Fiber Network, LLC | Comcast - 10M 36 mo's from Zionsville, IN to IND NNI | Circuit by IFN to Zionsville Meijer store for Center bank | Yes | | Yes |
| 1000068,000 | P1700059 | Underlying Provider | INDY | Demarc Ext | 10001132,0 | Integrated Network Cable (Sho-Me Cables) | Comcast - 10M 36 mo's from Zionsville, IN to IND NNI | Extend Demarc from Meijer Store to Center Bank by Integrated Network Cable | Yes | | Yes |
| 1000068,000 | P1700059 | Underlying Provider | INDY | Demarc Ext | 10001132,0 | Integrated Network Cable (Sho-Me Cables) | Comcast - 10M 36 mo's from Zionsville, IN to IND NNI (done) | Service call to plug in demarc extension | Yes | | Yes |
| 1000120,000 | P1700096 | Service to Comcast | INDY | | 10000836,0 | Paradigm | PTT65T-10M-119-INDIANAPOLIS-COM | Comcast - 10M 60 mo's from CRAWFORDSVILLE, IN to IN NNI using Metronet | Yes | | Yes |
| 1000120,000 | P1700096 | Underlying Provider | INDY | Circuit | 10001021,0 | MetroNet | Comcast - 10M 60 mo's from CRAWFORDSVILLE, IN to IN NNI using Metronet | Comcast - 10M 60 mo's from Crawfordsville IN to NNI circuit for Mutual Bank in Crawfordsville via Metronet | Yes | | Yes |
| 1000121,000 | P1700098 | Service to Comcast | INDY | | 10000836,0 | Paradigm | PTT67T-50M-100-INDIANAPOLIS-COM | Comcast - 50M 60 mo from Marion, IN to NNI using IFN | Yes | | Yes |
| 1000121,000 | P1700098 | Underlying Provider | INDY | Circuit | 10000690,0 | US Signal Company | Comcast - 50M 60 mo from Marion, IN to NNI using IFN | Circuit to Mutual Bank in Marion | Yes | | Yes |
| 1000245,000 | P1700281 | Service to Comcast | INDY | | 10000836,0 | Paradigm | PTT191T-10M-3679-INDIANAPOLIS-COM | Comcast - 10M, 36 mo from Vandalia, OH to Indy NNI using US Signal and Everstream as LMP | Yes | | Yes |
| 1000245,000 | P1700281 | Underlying Provider | INDY | Circuit | 10000690,0 | US Signal Company | Comcast - 10M, 36 mo from Vandalia, OH to Indy NNI using US Signal and Everstream as LMP | 3679 Cargo Rd Vandalia (United Parcel) | Yes | | Yes |
| 1000015,001 | J1600353 | NNI | LAX | Colo | 10000620,0 | Digital Realty Trust Corporation | NNI - Los Angeles | Los Angeles Digital Realty Colocation Services | Yes | | Yes |
| 1000015,001 | J1600353 | NNI | LAX | Colo | 10001016,0 | ICTX-WaveMedia | NNI - Los Angeles | NNI Equipment Rental | Yes | | Yes |
| 1000015,001 | J1600353 | NNI | LAX | Colo | 10000620,0 | Digital Realty Trust Corporation | NNI - Los Angeles | Digital Realty Dark Fiber from 600 W, 7th to 624 S Grand (2 pair | Yes | | Yes |

Exhibit A - 3 OF 8

EXHIBIT A TO AGREEMENT FOR TRANSITION AND TERMINATION
OF SERVICES AND RELEASE

| Paradigm Sales ID | Paradigm Job Number | Type | NNI City | Component Type | Vendor ID | Provider | Circuit ID / Project | Description | Active at Agreement Date | Assume During Term (optional) | Reject During Term |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1000015.001 | J1600353 | NNI | LAX | Cross-Connect | 10000404.0 | Wilcon (aka Crown Castle) | NNI - Los Angeles | Wilcon Expedite Fee | Yes | | Yes |
| 1000015.001 | J1600353 | NNI | LAX | Cross-Connect | 10000404.0 | Wilcon (aka Crown Castle) | NNI - Los Angeles | Wilcon Cross-Connect from VAST to Paradigm | | | Yes |
| 1000015.001 | J1600353 | NNI | LAX | Dark Fiber | 10000620.0 | Digital Realty Trust Corporation | NNI - Los Angeles | Dark fiber to connect WaveBB to Paradigm | Yes | | Yes |
| 1000015.001 | J1600353 | NNI | LAX | Cross-Connect | 10000620.0 | Wave Broadband | NNI - Los Angeles | WaveBB XCON in LA for WaveBB to Paradigm | Yes | | Yes |
| 1000015.001 | J1600353 | NNI | LAX | Circuit | 10000090.0 | Wave Broadband | NNI - Los Angeles | WaveBB NNI circuit | Yes | | Yes |
| 1000015.001 | J1600353 | NNI | LAX | Circuit | 10000836.0 | Paradigm | NNI - Los Angeles | Comcast NNI circuit | Yes | | Yes |
| 1000015.001 | J1600353 | NNI | LAX | Circuit | 10001048.0 | Vast Networks | NNI - Los Angeles | Comcast - 1 Gig Copperopolis, CA to LA | Yes | | Yes |
| 1000028.000 | J1600395 | Service to Comcast Underlying Provider | LAX | | 10000836.0 | Paradigm | PTT4T-1G-217-624 | Comcast - 1 Gig Copperopolis, CA to LA | Yes | | |
| 1000028.000 | J1600395 | | LAX | Circuit | 10001048.0 | Vast Networks | | Vast Networks Order | | | Yes |
| 1000015.006 | J1600375 | NNI | MSP | Internet | 10001167.0 | Hurricane Electric | NNI - Minneapolis | Internet at Minneapolis CoLo | Yes | | Yes |
| 1000015.006 | J1600375 | NNI | MSP | CoLo | 10001125.0 | Cologix | NNI - Minneapolis | Colocation Minneapolis | Yes | | Yes |
| 1000015.006 | J1600375 | NNI | MSP | CoLo | 10001016.0 | ICTX-WaveMedia | NNI - Minneapolis | NNI Equipment Rental | Yes | | Yes |
| 1000015.006 | J1600375 | NNI | MSP | Cross-Connect | 10001125.0 | Cologix | NNI - Minneapolis | Cross connect to Aureon | Yes | | Yes |
| 1000015.006 | J1600375 | NNI | MSP | Cross-Connect | 10001125.0 | Cologix | NNI - Minneapolis | Cross connect to Avvig | Yes | | Yes |
| 1000015.006 | J1600375 | NNI | MSP | Cross-Connect | 10001125.0 | Cologix | NNI - Minneapolis | Cross connect to Comcast | Yes | | Yes |
| 1000056.000 | P1700055 | Service to Comcast Underlying Provider | MSP | Circuit | 10000836.0 | Paradigm | PTT4T-30M-251-MINNEAPOLIS | Comcast - 30M from Sioux Center, IA to MN NNI | Yes | | Yes |
| 1000066.000 | P1700055 | Underlying Provider | MSP | Circuit | 10000308.0 | Aureon Technology | Comcast - 30M from Sioux Center, IA to CHI NNI | Aureon Circuit 30M | Yes | | Yes |
| 1000193.000 | P1700207 | | MSP | | 10000836.0 | Paradigm | PTT30N-100-LOSANGELES-COM | Comcast - 1G 12 mo's from Cloquet, MN to MINH NNI using Avvig | Yes | | |
| 1000193.000 | P1700207 | Service to Comcast Underlying Provider | MSP | Circuit | 10000086.0 | Avvig Enterprises, Inc. | Comcast - 1G 12 mo's from Cloquet, MN to MINH NNI using Avvig | Fond Du Lac Development | Yes | | |
| 1000015.003 | J1600364 | NNI | ORD | CoLo | 10000620.0 | Digital Realty Trust Corporation | NNI - Chicago | Colocation Chicago | Yes | | |
| 1000015.003 | J1600364 | NNI | ORD | CoLo | 10001016.0 | ICTX-WaveMedia | NNI - Chicago | NNI Equipment Rental | Yes | | |
| 1000015.003 | J1600364 | NNI | ORD | Cross-Connect | 10000620.0 | Digital Realty Trust Corporation | NNI - Chicago | 6 pack Cross-Connects | Yes | | |
| 1000015.003 | J1600364 | NNI | ORD | Cross-Connect | 10000620.0 | Digital Realty Trust Corporation | NNI - Chicago | Telx Riser to Comcast | | | Yes |
| 1000015.003 | J1600364 | NNI | ORD | Cross-Connect | 10000620.0 | Digital Realty Trust Corporation | NNI - Chicago | Telx Riser in CHI NNI to WOW | Yes | | |
| 1000015.003 | J1600364 | NNI | ORD | Cross-Connect | 10000620.0 | Digital Realty Trust Corporation | NNI - Chicago | Telx Cross connect to Aureon/Instalst | | | Yes |
| 1000015.003 | J1600364 | NNI | ORD | Cross-Connect | 10000620.0 | Digital Realty Trust Corporation | NNI - Chicago | Telx Cross connect to US Signal | Yes | | Yes |
| 1000015.003 | J1600364 | NNI | ORD | Cross-Connect | 10000620.0 | Digital Realty Trust Corporation | NNI - Chicago | Telx Cross connect to ICN | Yes | | Yes |
| 1000015.003 | J1600364 | NNI | ORD | Circuit | 10000092.0 | WOW! Wholesale | NNI - Chicago | NNI to NNI circuit with WOW | Yes | | Yes |
| 1000015.003 | J1600364 | NNI | ORD | Cross-Connect | 10000620.0 | Digital Realty Trust Corporation | NNI - Chicago | Telx Riser to Everstream | Yes | | Yes |

Exhibit A - 4 OF 8

EXHIBIT A TO AGREEMENT FOR TRANSITION AND TERMINATION
OF SERVICES AND RELEASE

| Paradigm Sales ID | Paradigm Job Number | Type | NNI City | Component Type | Vendor ID | Provider | Circuit ID / Project | Description | Active at Agreement Date | Assume During Term (optional) | Reject During Term |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1000015.003 | J1600364 | NNI | ORD | Circuit | 10000620.0 | Digital Realty Trust Corporation | NNI - Chicago | 3-Pack to MMR in Chicago by Digital Realty/Telx | Yes | | Yes |
| 1000015.003 | J1600364 | NNI | ORD | Circuit | 10000620.0 | Digital Realty Trust Corporation | POP - Chicago | 3-Pack to MMR in Chicago by Digital Realty/Telx | Yes | | Yes |
| 1000026.000 | J1600401 | Service to Comcast | | . | 10000836.0 | Paradigm | PTT75T-50M-ALBION-CHICAGO | Comcast - 50M Albion, MI to CHI using WOWI | Yes | | Yes |
| 1000026.000 | J1600401 | Underlying Provider | ORD | Circuit | 10000992.0 | WOWI Wholesale | Comcast - 50M Albion, MI to CHI | WOWI Wholesale Order | Yes | | Yes |
| 1000055.000 | J1700078 | Service to Comcast | | . | 10000836.0 | Paradigm | PTT30T-30M-ORANGECITY-CHICAGO | Comcast - 30M Orange City, IA back to CHI NNI | Yes | | Yes |
| 1000055.000 | J1700078 | Underlying Provider | ORD | Circuit | 10000836.0 | Aureon Technology | Comcast - 30M Orange City, IA back to CHI NNI | Aureon to Comcast - circuit to connect orange City IA to Paradigm Chicago NNI | Yes | | Yes |
| 1000071.000 | P1700060 | Service to Comcast | | . | 10000836.0 | Paradigm | PTT62T-20M-1125-CHICAGO | Comcast - 20M from Hastings, MI to CHI NNI WOWI | Yes | | Yes |
| 1000071.000 | P1700060 | Underlying Provider | ORD | Circuit | 10000992.0 | WOWI Wholesale | Comcast - 20M from Hastings, MI to CHI NNI WOWI | 20M from Hastings, MI to CHI NNI WOWI | Yes | | Yes |
| 1000081.000 | P1700078 | Service to Comcast | | . | 10000836.0 | Paradigm | PTT73T-100M-550-CHICAGO-COM | Comcast - Meijer- 100M, 60 mo from Mason, MI to CHI NNI using Everstream | Yes | | Yes |
| 1000081.000 | P1700078 | Underlying Provider | ORD | Circuit | 10000662.0 | Everstream | Comcast - Meijer- 100M, 60 mo from Mason, MI to CHI NNI using Everstream | Everstream Order | | | Yes |
| 1000092.000 | P1700079 | Service to Comcast | ORD | . | 10000836.0 | Paradigm | PTT68T-100M-1167-CHICAGO-COM | Comcast - Meijer- 100M 60 mo from Charlotte, MI to CHI NNI using US Signal | Yes | | Yes |
| 1000092.000 | P1700079 | Underlying Provider | ORD | Circuit | 10000690.0 | US Signal Company | Comcast - Meijer- 100M 60 mo from Charlotte, MI to CHI NNI using US Signal | US Signal Company Order | Yes | | Yes |
| 1000093.000 | P1700080 | Service to Comcast | | . | 10000836.0 | Paradigm | PTT71T-100M-34835-CHICAGO-COM | Comcast- Meijer- 100M 60 mo from Fraser, MI to CHI NNI using Everstream | Yes | | Yes |
| 1000093.000 | P1700080 | Underlying Provider | ORD | Circuit | 10000662.0 | Everstream | Comcast- Meijer- 100M 60 mo from Fraser, MI to CHI NNI using Everstream | Everstream Order | Yes | | Yes |
| 1000096.000 | P1700083 | Service to Comcast | ORD | . | 10000836.0 | Paradigm | PTT72T-100M-47D2-CHICAGO-COM | Comcast - Meijer- 100M 60 mo from Sandusky, OH to CHI NNI using Everstream | Yes | | Yes |
| 1000096.000 | P1700083 | Underlying Provider | ORD | Circuit | 10000662.0 | Everstream | Comcast - Meijer- 100M 60 mo from Sandusky, OH to CHI NNI using Everstream | Everstream Circuit Order | Yes | | Yes |
| 1000097.000 | P1700084 | Service to Comcast | ORD | . | 10000836.0 | Paradigm | PTT74T-100M-7240-CHICAGO-COM | Comcast - Meijer- 100M 60 mo from Sylvania, OH to CHI NNI using Everstream | Yes | | Yes |
| 1000097.000 | P1700084 | Underlying Provider | ORD | Circuit | 10000662.0 | Everstream | Comcast - Meijer- 100M 60 mo from Sylvania, OH to CHI NNI using Everstream | Everstream Order | Yes | | Yes |

Exhibit A - 5 OF 8

EXHIBIT A TO AGREEMENT FOR TRANSITION AND TERMINATION
OF SERVICES AND RELEASE

| Paradigm Sales ID | Paradigm Job Number | Type | NNI City | Component Type | Vendor ID | Provider | Circuit ID / Project | Description | Active at Agreement Date | Assume During Term (optional) | Reject During Term |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1000098,000 | P1700085 | Service to Comcast | ORD | | 10000836,0 | Paradigm | PTT70T-100M-1500-CHICAGO-COM | Comcast - Meijer- 100M, 60 mo from Toledo, OH to CHI NNI using Everstream | Yes | | Yes |
| 1000098,000 | P1700085 | Underlying Provider | ORD | Circuit | 10000662,0 | Everstream | Comcast - Meijer- 100M, 60 mo from Toledo, OH to CHI NNI using Everstream | Everstream Order | Yes | | Yes |
| 1000099,000 | P1700086 | Service to Comcast | ORD | | 10000836,0 | Paradigm | PTT7ST-100M-1000-CHICAGO-COM | Comcast - Meijer- 100M, 60 mo from Columbus, OH to CHI NNI using Everstream | Yes | | Yes |
| 1000099,000 | P1700086 | Underlying Provider | ORD | Circuit | 10000662,0 | Everstream | Comcast - Meijer- 100M, 60 mo from Columbus, OH to CHI NNI using Everstream | Everstream Order | Yes | | Yes |
| 1000123,000 | P1700093 | Service to Comcast | ORD | | 10000836,0 | Paradigm | PTT64T-20M-295-CHICAGO-COM | Comcast - 20M 60 mo's from Branson, MO to CHI NNI using Sho- | Yes | | Yes |
| 1000123,000 | P1700093 | Underlying Provider | ORD | Circuit | 10000226,0 | Sho-Me Tech | Comcast - 20M 60 mo's from Branson, MO to CHI NNI using Sho- | 20M 60 mo's from Branson, MO to CHI NNI using Sho-Me | Yes | | Yes |
| 1000123,000 | P1700093 | Underlying Provider | ORD | Circuit | 10000474,0 | INTERCARRIER NETWORKS, LLC | Comcast - 20M 60 mo's from Branson, MO to CHI NNI using Sho-Me/ICN (phone) | Circuit from STL to CHI NNI via ICN | | | Yes |
| 1000203,000 | P1700222 | Service to Comcast | ORD | | 10000836,0 | Paradigm | PTT171T-300M-1001-CHICAGO-COM | Comcast - 1001 INNOVATION RD RANTOUL, IL to CHI 100M using Metro Communications | Yes | | Yes |
| 1000203,000 | P1700222 | Underlying Provider | ORD | Circuit | 10001046,0 | Metro Communications | Comcast - 1001 INNOVATION RD RANTOUL, IL to CHI 100M using Metro Communications | Vista Outdoor | Yes | | Yes |
| 1000212,000 | P1700250 | Service to Comcast | ORD | | 10000836,0 | Paradigm | PTT177T-100M-23123-CHICAGO-COM | Comcast - 100M, 60 mo from Milan, MO to CHI NNI using Bluebird | Yes | | Yes |
| 1000212,000 | P1700250 | Underlying Provider | ORD | Circuit | 10001008,0 | Bluebird Networks | Comcast - 100M, 60 mo from Milan, MO to CHI NNI using Bluebird | Smithfield Food - Milan MO | Yes | | Yes |
| 1000229,000 | P1700254 | Service to Comcast | ORD | | 10000836,0 | Paradigm | PTE68T-100M-1200-CHICAGO-COM | Comcast - UPGRADE 100M, 60 mo in-Dwight, IL to CHI NNI using Mediacom | Yes | | Yes |
| 1000229,000 | P1700254 | Underlying Provider | ORD | Circuit | 10000836,0 | Mediacom Communications Corporation | Comcast - UPGRADE 100M, 60 mo in-Dwight, IL to CHI NNI using Mediacom | Upgrade circuit to 100M | Yes | | Yes |
| 1000230,000 | P1700260 | Service to Comcast | ORD | | 10000836,0 | Paradigm | PTT87T-1G-1200-CHICAGO-COM | Comcast - UPGRADE to 1G 60 mo Dwight, IL to CHI NNI using Mediacom | Yes | | Yes |
| 1000230,000 | P1700260 | Underlying Provider | ORD | Circuit | 10000136,0 | Mediacom Communications Corporation | Comcast - UPGRADE to 1G 60 mo Dwight, IL to CHI NNI using Mediacom | Upgraded circuit to 1G | Yes | | Yes |
| 1000288,000 | P1700316 | Service to Comcast | ORD | | 10000836,0 | Paradigm | PTT76T-20M-7601-CHICAGO-COM | Comcast - 20M, 36 mo's from West Des Moines, IA to CHI NNI using Aureon | Yes | | Yes |
| 1000288,000 | P1700316 | Underlying Provider | ORD | Circuit | 10000308,0 | Aureon Technology | Comcast - 20M, 36 mo's from West Des Moines, IA to CHI NNI using Aureon | Converge One | Yes | | Yes |
| 1000015,011 | J1600376 | NNI | PHL | Cross-Connect | 10001127,0 | Netrality | NNI - Philadelphia | Netrality Smarthands for CenturyLink XCON | Yes | | Yes |
| 1000015,011 | J1600376 | NNI | PHL | Colo | 10001127,0 | Netrality | NNI - Philadelphia | Colocation Philadelphia NNI | Yes | | Yes |

Exhibit A - 6 OF 8

EXHIBIT A TO AGREEMENT FOR TRANSITION AND TERMINATION
OF SERVICES AND RELEASE

| Paradigm Sales ID | Paradigm Job Number | Type | NNI City | Component Type | Vendor ID | Provider | Circuit ID / Project | Description | Active at Agreement Date | Assume During Term (optional) | Reject During Term |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1000015.011 | J1600376 | NNI | PHL | Colo | 10001016.0 | ICTX-WaveMedia | NNI - Philadelphia | NNI Equipment Rental | Yes | | Yes |
| 1000015.011 | J1600376 | NNI | PHL | Internet | 10001167.0 | Hurricane Electric | NNI - Philadelphia | Hurricane Electric Internet Philadelphia NNI | Yes | | Yes |
| 1000015.011 | J1600376 | NNI | PHL | Cross-Connect | 10001127.0 | Netrality | NNI - Philadelphia | Cross connect to CenturyLink | Yes | | Yes |
| 1000015.011 | J1600376 | NNI | PHL | Circuit | 10000704.0 | Lightower Fiber Networks | NNI - Philadelphia | NNI connection to Lightower | Yes | | Yes |
| 1000015.011 | J1600376 | NNI | PHL | Circuit | 10000996.0 | Zito Business | NNI - Philadelphia | Circuit to Zito | Yes | | Yes |
| 1000015.011 | J1600376 | NNI | PHL | Cross-Connect | 10001127.0 | Netrality | NNI - Philadelphia | Netrality Smarthands to Lightower | Yes | | Yes |
| 1000015.011 | J1600376 | NNI | PHL | Cross-Connect | 10001177.0 | Netrality | NNI - Philadelphia | Comcast - 10M in Matamoras, PA back to PIT NNI Using Perseus | Yes | | Yes |
| 1000073.000 | P1700063 | Service to Comcast | | | 10000836.0 | Paradigm | PTT47T-10M-3051-PHILADELPHIA-COM | Comcast - 10M In Matamoras, PA back to PIT NNI using Perseus | Yes | | Yes |
| 1000073.000 | P1700063 | Underlying Provider | PHL | Circuit | 10000704.0 | Lightower Fiber Networks | Comcast - 10M In Matamoras, PA back to PIT NNI using Perseus | circuit from light tower | Yes | | Yes |
| 1000177.000 | P1700166 | Service to Comcast | | | 10000836.0 | Paradigm | PTT10ST-10M-13809-PHILADELPHIA-COM | Comcast - 10M 3G mo from Tioga, PA to PHI NNI using Centurylink | Yes | | Yes |
| 1000177.000 | P1700166 | Underlying Provider | PHL | Circuit | 10000678.0 | CenturyLink, Inc. | Comcast - 10M 3G mo from Tioga, PA to PHI NNI using CenturyLink | Circuit from CenturyLink to Tioga PA | Yes | | Yes |
| 1000184.000 | P1700199 | Service to Comcast | | | 10000836.0 | Paradigm | PTT123T-20M-830-PHILADELPHIA-COM | Comcast - 830 S MAIN ST MANSFIELD 20M using Zito | Yes | | Yes |
| 1000184.000 | P1700199 | Underlying Provider | PHL | Circuit | 10000996.0 | Zito Business | Comcast - 830 S MAIN ST MANSFIELD 20M using Zito | Circuit to 830 South Main St, via Zito | Yes | | Yes |
| 1000015.008 | J1600365 | NNI | PIT | Colo | 10001124.0 | DataBank | NNI - Pittsburgh | Colocation Pittsburg | Yes | | Yes |
| 1000015.008 | J1600365 | NNI | PIT | Colo | 10001016.0 | ICTX-WaveMedia | NNI - Pittsburgh | NNI Equipment Rental | Yes | | Yes |
| 1000015.008 | J1600365 | NNI | PIT | Cross-Connect | 10001124.0 | Databank | NNI - Pittsburgh | Cross connect to Armstrong | Yes | | Yes |
| 1000015.008 | J1600365 | NNI | PIT | Cross-Connect | 10001124.0 | Databank | NNI - Pittsburgh | Cross connect to Verizon | Yes | | Yes |
| 1000015.008 | J1600365 | NNI | PIT | Cross-Connect | 10001124.0 | Databank | NNI - Pittsburgh | Cross connect to Comcast | Yes | | Yes |
| 1000015.008 | J1600365 | NNI | PIT | Circuit | 10000486.0 | Verizon Business | NNI - Pittsburgh | NNI connection to Verizon | Yes | | Yes |
| 1000015.008 | J1600365 | NNI | PIT | Circuit | 10001124.0 | Databank | NNI - Pittsburgh | Cross Connect to Zito | Yes | | Yes |
| 1000015.008 | J1600365 | NNI | PIT | Circuit | 10000996.0 | Zito Business | NNI - Pittsburgh | NNI connection to Armstrong | Yes | | Yes |
| 1000015.008 | J1600365 | NNI | PIT | Circuit | 10001004.0 | Armstrong Cable | NNI - Pittsburgh | Comcast - 2748 STATE ROUTE 982 MOUNT PLEASANT 3G using Armstrong Cable | Yes | | Yes |
| 1000142.000 | P1700108 | Service to Comcast | | | 10000836.0 | Paradigm | PTT91T-3G-2748-PITTSBURGH-COM | Comcast - 3G - 2748 STATE ROUTE 982 MOUNT PLEASANT using Armstrong Cable | Yes | | Yes |
| 1000142.000 | P1700108 | Underlying Provider | PIT | Circuit | 10001004.0 | Armstrong Cable | Comcast - 3G - 2748 STATE ROUTE 982 MOUNT PLEASANT using Armstrong Cable | Circuit to Mount Pleasant via Armstrong | Yes | | Yes |
| 1000169.000 | P1700127 | Service to Comcast | | | 10000836.0 | Paradigm | PTT06T-50M-125-PITTSBURGH-COM | Comcast - 125 REBECCA LN SLIPPERY ROCK 50M to PIT NNI using Armstrong | Yes | | Yes |
| 1000169.000 | P1700127 | Underlying Provider | PIT | Circuit | 10001004.0 | Armstrong Cable | Comcast - 125 REBECCA LN SLIPPERY ROCK 50M to PIT NNI using Armstrong | Circuit to Slippery Rock via Armstrong | Yes | | Yes |
| 1000223.000 | P1700259 | Service to Comcast | | | 10000836.0 | Paradigm | PTT182T-50M-180-PITTSBURGH-COM | Comcast - 180 Lincoln Ave Grove City 50M to PIT NNI using Armstrong Cable | Yes | | Yes |
| 1000223.000 | P1700259 | Underlying Provider | PIT | Circuit | 10001004.0 | Armstrong Cable | Comcast - 180 Lincoln Ave Grove City 50M to PIT NNI using Armstrong Cable | Circuit to Ellwood Group from Pittsburgh NNI via Armstrong | Yes | | Yes |

Exhibit A - 7 OF 8

EXHIBIT A TO AGREEMENT FOR TRANSITION AND TERMINATION
OF SERVICES AND RELEASE

| Paradigm Sales ID | Paradigm Job Number | Type | NNI City | Component Type | Vendor ID | Provider | Circuit ID / Project | Description | Active at Agreement Date | Assume During Term (optional) | Reject During Term |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1000226.000 | P1700257 | Service to Comcast | PIT | | 10000836.0 | Paradigm | PTT180T-300M-800-PITTSBURGH-COM | Comcast - 800 COMMERCIAL AVE ELLWOOD CITY 300M to PIT NNI Using Armstrong Cable | Yes | | Yes |
| 1000226.000 | P1700257 | Underlying Provider | PIT | Circuit | 10001004.0 | Armstrong Cable | Comcast - 300M - 800 Commercial Ave Ellwood City using Armstrong Cable | Circuit to Ellwood Group INC 800 from Pittsburgh NNI via Armstrong Cable | Yes | | Yes |
| 1000227.000 | P1700256 | Service to Comcast | PIT | | 10000836.0 | Paradigm | PTT16S1-50M-101-PITTSBURGH-COM | Comcast - 101 PARK AVE ELLWOOD CITY 50M to PIT NNI using | Yes | | Yes |
| 1000227.000 | P1700256 | Underlying Provider | PIT | Circuit | 10001004.0 | Armstrong Cable | Comcast - 101 PARK AVE ELLWOOD CITY 50M to PIT NNI using | 101 PARK AVE ELLWOOD CIT | Yes | | Yes |
| 1000015.005 | J1600377 | NNI | SEA | Colo | 10001133.0 | Equinix | NNI - Seattle | Colocation Seattle | Yes | | Yes |
| 1000015.005 | J1600377 | NNI | SEA | Colo | 10001016.0 | ICTX-WaveMedia | NNI - Seattle | NNI Equipment Rental | Yes | | Yes |
| 1000015.005 | J1600377 | NNI | SEA | Internet | 10001167.0 | Hurricane Electric | NNI - Seattle | Internet for Seattle Colo | Yes | | Yes |
| 1000015.005 | J1600377 | NNI | SEA | Cross-Connect | 10001133.0 | Equinix | NNI - Seattle | Equinix Cross-Connect to Comcast | Yes | | Yes |
| 1000015.005 | J1600377 | NNI | SEA | Cross-Connect | 10001133.0 | Equinix | NNI - Seattle | Equinix Cross-Connect to CenturyLink | Yes | | Yes |
| 1000015.005 | J1600377 | NNI | SEA | Cross-Connect | 10001133.0 | Equinix | NNI - Seattle | Equinix Cross-Connect to WaveBB WaveBB NNI circuit | Yes | | Yes |
| 1000015.095 | J1600377 | NNI | SEA | Circuit | 10000090.0 | Wave Broadband | NNI - Seattle | CenturyLRA NNI circuit | Yes | | |
| 1000015.005 | J1600377 | NNI | SEA | Circuit | 10000678.0 | CenturyLink, Inc. | NNI - Seattle | Comcast NNI circuit | Yes | | |
| 1000015.005 | J1600377 | NOR | SEA | Circuit | 10000836.0 | Paradigm | NNI - Seattle | Equinix Cross connect to Cable One | Yes | | |
| 1000015.005 | J1600377 | NNI | SEA | Cross-Connect | 10001133.0 | Equinix | NNI - Seattle | Comcast - 701 MCCLAINE ST SILVERTON 300M to Seattle NNI using Wave BB | | | Yes |
| 1000167.000 | P1700169 | Service to Comcast | SEA | | 10000836.0 | Paradigm | PTT97T-300M-701-SEATTLE-COM | Comcast - 701 MCCLAINE ST SILVERTON 300M to Seattle NNI using Wave BB | Yes | | Yes |
| 1000167.000 | P1700169 | Underlying Provider | SEA | Circuit | 10000090.0 | Wave Broadband | | Wave BB To Silverton OR | Yes | | Yes |
| 1000199.000 | P1700221 | Service to Comcast | SEA | | 10000836.0 | Paradigm | PTT169T-50M-2870-SEATTLE-COM | Comcast - 2870 JUNIPER DR LEWISTON, ID- 50M using Cable One | Yes | | Yes |
| 1000193.000 | P1700221 | Underlying Provider | SEA | Circuit | 10000702.0 | CABLE ONE INC | PTT195T-50M-2425-SEATTLE-COM | Empire Healthcare Managem (Lewiston) | Yes | | Yes |
| 1000257.000 | P1700287 | Service to Comcast | SEA | | 10000836.0 | Paradigm | Comcast - 10M, 60 no from Idaho Falls, ID to SEA NNI using Cable One | Comcast - 10M, 60 no from Idaho Falls, ID to SEA NNI using Cable One | Yes | | Yes |
| 1000257.000 | P1700287 | Underlying Provider | SEA | Circuit | 10000702.0 | CABLE ONE INC | Comcast - 10M, 60 no from Idaho Falls, ID to SEA NNI using Cable One | Alpine HME Med | Yes | | Yes |
| 1000015.015 | P1700245 | NNI | SJC | Internet | 10001167.0 | Hurricane Electric | NNI - San Jose | Hurricane Electric DIA for San Jose | Yes | | Yes |
| 1000015.015 | P1700245 | NNI | SJC | Colo | 10001133.0 | Equinix | NNI - San Jose | Equinix POP Colo | Yes | | Yes |
| 1000015.015 | P1700245 | NNI | SJC | Colo | 10001016.0 | ICTX-WaveMedia | NNI - San Jose | NNI Equipment rental | Yes | | Yes |
| Any | Any | NNI | Any | Cross-Connect | Any | Paradigm | Any | All Cross-Connects required for any Active items, herein included by reference | Yes | NA | NA |