UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PARADIGM TELECOM II, LLC | § | CASE NO. 18-34112 |
| | § | |
| DEBTOR | § | CHAPTER 11 |

## PLAN OF REORGANIZATION OF DEBTOR

**PARADIGM TELECOM II, LLC,** the Debtor herein ("Debtor") proposes the following Plan of Reorganization (the "Plan") pursuant to the provisions of Chapter 11 of the Bankruptcy Code, 11 U.S.C. Sections 1101 et seq.:

## I.
## DEFINITIONS

The following terms, when used in the Plan, shall unless the context otherwise requires, have the following meanings, respectively:

**1.01   ADMINISTRATIVE EXPENSE or ADMINISTRATIVE CLAIM:** an Allowed Claim for which a Claimant asserts and is determined to be entitled to priority pursuant to Sections 503(b) and 507(a)(l) of the Bankruptcy Code.

**1.02   ADMINISTRATIVE CLAIMS BAR DATE:** means for all other creditors other than Comcast, the date that is forty-five (45) days after notice of the Effective Date is filed with the Bankruptcy Court or such later date as may be established by order of the Bankruptcy Court. For Comcast, the Administrative Claims Bar Date shall mean the date that is thirty (30) days after the end of the Term of the Transition Agreement Notice of the Effective Date shall be deemed sufficient and adequate notice of the Administrative Bar Date.

**1.03  ALLOWED AMOUNT:** the amount of any Allowed Claim.

1

**1.04  ALLOWED CLAIM:** means (i) any Claim, (A) proof of which has been timely filed with the Court or (B) which has been scheduled by the Debtor and not shown as disputed, contingent, or unliquidated; (C) as to which no objection has been filed by the deadline set by the Court or the Claim has been allowed by Final Order of the Court; and (ii) any Administrative Claim for which a motion or fee application has been filed and approved by the Court.

**1.05  ALLOWED SECURED CLAIM:** Allowed secured claim means an allowed claim that is also a secured claim.

**1.06  BANKRUPTCY CODE:** the United States Bankruptcy Code, as contained in Title 11 U.S.C. Section 101 <u>et seq</u>. and amendments thereto.

**1.07  BANKRUPTCY COURT:** the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

**1.08  BAR DATE:** the deadline previously established by the court, after which any proof of claim filed will have no effect on this Plan and no right to participate with other creditors under the Plan. Pursuant to the Notice of Meeting of Creditors promulgated by the Court, the bar date occurs 90 days after the first date set for the meeting of creditors.  In the instant case, the meeting of creditors was held on October 9, 2018. The Bar Date was December 24, 2018.

**1.09  CLAIM:** a right to payment from the Debtor's Estate, which is evidenced by a timely filed Proof of Claim which is allowed by the Court, or if a Proof of Claim is not filed by the creditor, a right which otherwise appears in the Debtor's bankruptcy schedules and (i) is not listed as disputed, contingent or unliquidated and not subject to an Objection by the Debtor, or (ii) has not been resolved by Final Order of the Court in this reorganization case.

**1.10  CLAIMANT:** the holder of a Claim.

**1.11    CLASS:** any class into which Claims are classified pursuant to section II.

**1.12    COMCAST:** means Comcast Business Communications, LLC, and its   successors and assigns.

**1.13    COMCAST APPROVAL ORDER:** means the Order Granting Motion of Debtor Pursuant to Sections 362(d), 363(b), 363(f), and 365 of the Bankruptcy Code and Rules 2002, 4001, and 9019 of the Federal Rules of Bankruptcy Procedure for Entry of an Order (I) Approving Agreement for Transition and Termination of Services and Release Between Debtor and Comcast, (II) Approving Settlements, Compromises, and Releases Contained Therein, (III) Authorizing the Sale, Conveyance, Assignment or Transfer of Certain Assets to Comcast Free and Clear of All Liens, Claims, Encumbrances, and Interests, (IV) Granting Comcast Relief from the Automatic Stay to Transition Customers and Wind Down and Terminate Relationship with Debtor, and (V) Approving Grant of Designation Rights for Certain Executory Contracts to Comcast entered by the Bankruptcy Court on June 21, 2019 at Docket No. 318.

**1.14    CONFIRMATION:** the entry by the Bankruptcy Court of an order confirming the Plan in accordance with Chapter 11 provisions of the Bankruptcy Code.

**1.15    CONTRACTS RELATED TO SERVICES TO COMCAST:** means executory contracts and unexpired leases related to Ethernet transport services provided to Comcast under the MSA and the Comcast, which executory contracts and unexpired leases are listed on Exhibit "A" of the Agreement for Transition and Termination of Services and Release, attached to the Debtor's Emergency Motion filed at Docket No. 312.

**1.16    CREDITOR:** all creditors of the Debtor holding claims for debts, liabilities, demands or claims of any character whatsoever, as defined in §101(4) of the Bankruptcy Code.

**1.17    DEBTOR:** PARADIGM TELECOM II, LLC.

**1.18    DISBURSING AGENT:** Carl Merzi as Managing Member of Post Confirmation

Reorganized Debtor.

**1.19   DISCLOSURE STATEMENT:** the Disclosure Statement of Debtor as presently filed, including all exhibits attached thereto, prepared pursuant to Section 1125 of the Bankruptcy Code for the Solicitation of Ballots.

**1.20   DISPUTED CLAIM:** A Claim, including an Administrative Expense, against the Debtor (a) as to which an objection has been filed on or before the deadline for objecting to a Claim by the Debtor or any party in interest and which objection has not been withdrawn or resolved by entry of a Final Order, or (b) which is listed as contingent, unliquidated or disputed in the Debtor's Schedules.

**1.21   EFFECTIVE DATE:** the fifteenth day following the date the Confirmation Order has been entered if the Confirmation Order has not been stayed on appeal. If the Confirmation Order is stayed on appeal, the Effective Date shall be 15 days after such stay is dissolved by Final Order.

**1.22   EQUITY INTEREST HOLDER:** shareholders of the Debtor.

**1.23   ESTATE:** the estate created by Section 541 of the Bankruptcy Code upon the commencement of this case under Chapter 11 of the Bankruptcy Code with respect to the Debtor.

**1.24   FILED:** filed with the Clerk of the Bankruptcy Court.

**1.25   FINAL DECREE** shall mean the order of the Court entered after all payments and distributions of monies called for under the Plan have been made (i) making provision by way of injunction or otherwise as may be equitable, and (ii) closing the reorganization case.

**1.26   FINAL ORDER** shall mean an order of the Bankruptcy Court which has not been reversed, modified or amended and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become conclusive of all matters

adjudicated thereby and is in full force and effect.

**1.27    INTEREST HOLDER** means the holder of an equity interest in the Debtor.

**1.28    LIEN** shall mean mortgage, pledge, judgment lien, security interest, charging order, or other charge or encumbrance on property which is effective under applicable law as of the date of the commencement of the reorganization case.

**1.29    MSA:** means the Agreement for Transition and Termination of Services and Release dated June 13, 2019 and approved by the Comcast Approval Order.

**1.30    PETITION DATE** means the date on which the Debtor filed its Petition for relief under Chapter 11 of the Bankruptcy Code, which date is July 27, 2018.

**1.31    PRIORITY CLAIM** means an Allowed Claim for which a Claimant asserts and is determined to be entitled to priority under Section 507(a)(l-6) of the Bankruptcy Code.

**1.32    PRIORITY TAX CLAIM** means an Allowed Claim for which a Claimant asserts and is determined to be entitled to priority under Section 507(a)(7) of the Bankruptcy Code.

**1.33    PRO RATA SHARE** shall mean the amount which is the result of multiplying the monies available for distribution to a named Class of creditors by that fraction in which the numerator is the allowed amount of a particular Claim in the named Class and the denominator is the total of the amounts of all the claims in the named Class.

**1.34    PURCHASE MONEY LENDERS:** entities providing purchase money Financing to Debtor for the purchase of equipment essential to Debtor's operations.

**1.35    REJECTION DAMAGES CLAIMS BAR DATE:** means for all creditors other than Comcast, the date that is forty-five (45) days after notice of the Effective Date is filed with the Bankruptcy Court or such later date as may be established

by order of the Bankruptcy Court.  For Comcast, the Rejection Damages Claims Bar Date shall mean the date that is thirty (30) days after the end of the Term of the Transition Agreement and the Notice of the end of the Term shall be deemed sufficient and adequate notice of the Rejection Damages Claims Bar Date.

**1.36 REORGANIZATION CASE:** means the case for reorganization of the Debtor pending in the Bankruptcy Court.

**1.37 REORGANIZED DEBTOR:** means Paradigm Telecom II, LLC, from and after the Confirmation Date.

**1.38 SECURED CLAIM:** means the Claim of a Creditor who holds a lien, security interest, or other encumbrance on property of the Debtor's estate as security for repayment, and which lien, security interest, or other encumbrance has been properly perfected as required by law, but only to the extent such Claim has been allowed by the Court pursuant to § 502 of the Code, is not avoided pursuant to any provision of the Code, and the Claim does not exceed the value of the security as determined in accordance with Section 506 of the Bankruptcy Code.

**1.39 SUBSTANTIAL CONSUMMATION.** Substantial Consummation shall occur after the Effective Date.

**1.40 TERM:** means four months from the effective date of the Comcast Transition Agreement and, if extended by written agreement of the Debtor and Comcast, on a month to month basis, a maximum of eight (8) months following the end of the four month period after the effective date of  the Comcast Transition Agreement.

**1.41 UNSECURED CLAIM** means an Allowed Claim for which a Claimant asserts and is the holder of or found by Court Order **not to** hold a valid, perfected and enforceable lien, security interest or encumbrance against property of the Debtor.

**1.42 UNSECURED CREDITOR** shall mean the holder of an unsecured Claim.

## II.

## CLASSIFICATION OF CLAIMS AND INTERESTS

All Claims and Interests against the Company of whatever nature, whether or not scheduled, liquidated or unliquidated, absolute or contingent, including all Claims arising from transactions of the Company or rejection of executory contracts and/or unexpired leases and all Interests arising from the ownership of the Company, whether resulting in an Allowed Claim or not, shall be bound by the provisions of this Plan. The Claims and Interests are hereby classified as follows:

**2.01 Class 1** - Allowed Administrative Claims or Expenses.

**2.02 Class 2** - Allowed Unsecured Claims.

**2.03 Class 3** - Equity Security Holders.

**2.04 Class 4** - Allowed Secured Claims.

## III.

## CONCEPT AND IMPLEMENTATION OF THE PLAN

**3.01     Plan Rationale.** This Plan calls for the liquidation of substantial portions of the Debtor's executory contracts. Debtor will pursue efforts to continue its business absent executory contracts that have been sold or rejected. Debtor believes that due to the familiarity of Debtor's management with the assets remaining in the estate, the continued operation by the Debtor's current management will achieve a higher return for creditors.  Distributions under the Plan will occur on the Effective Date and quarterly thereafter pursuant to its Plan. The right to pursue avoiding power actions, and the investigation of prospective Chapter 5 Claims, will be vested in the Reorganized Debtor. All proceeds derived from the prosecution of Chapter 5 Claims after payment of approved application for professional fees, costs, and expenses associated

with the prosecution of such Chapter 5 Claims shall be distributed to holders of Allowed Unsecured Claims in accordance with the Plan. The objection to unsecured claims or the investigation of any Chapter 5 Claims may be conducted by the counsel for the Debtor or Counsel for the Unsecured Creditors Committee.  The right to investigate and pursue Chapter 5 causes of action and/or objection to the unsecured claims of ICTX shall be conducted by the counsel for the Unsecured Creditors Committee, Walker & Patterson, P.C. Further, on or before the Effective Date, the Reorganized Debtor shall execute and deliver all documents necessary to effectuate the Plan.

**3.02    Implementation of the Plan.**  Implementation of the Plan requires entry of an order by the Bankruptcy Court confirming the Plan. The Plan is to be implemented, if accepted and approved by the Bankruptcy Court, in its entire form. The Debtor proposes to effectuate the Plan by making distributions to its creditors as provided in this Plan.

**IV.**

**SPECIFICATION OF ALL CLAIMS IMPAIRED
AND NOT IMPAIRED UNDER THE PLAN**

Class 1 and Class 4 Claims remain unimpaired. Classes 2 and 3 are impaired.

**V.**

**SPECIFIC TREATMENT OF CLAIMS**

**Class 1 - Administrative Expenses.** Class 1 is unimpaired. Class 1 are Claims entitled to priority by Section 507(a)(2) of the Bankruptcy Code. All Claims in this Class for which an application and order of the Court are required shall be paid in the ordinary course of business as between the Debtor and such creditor after application and order approving such claims are approved and Order entered by the Bankruptcy Court. All pre-confirmation quarterly fees assessed pursuant to 28  U.S.C. §1930(a)(6) shall be paid on or before the Effective Date. All claims incurred by the Debtor on  open  account post-petition will be paid in accordance with existing credit terms between such creditor and the Debtor. The Reorganized Debtor shall

timely pay post-confirmation quarterly fees assessed pursuant to 28 U.S.C. § 1930(a)(6) until such time as the Bankruptcy Court enters a final decree closing this chapter 11 case, or enters an order either converting this chapter 11 case to a case under Chapter 7 or dismissing this Chapter 11 case.  After confirmation, the Reorganized Debtor shall file with the Bankruptcy Court and shall serve on the United States Trustee a financial report for each quarter, or portion thereof, that this Chapter 11 case remains open in a format prescribed by the United States Trustee.

**Class 2 - Allowed Unsecured Claims.**  Class 2 is impaired.  The Debtor believes the claims in this Class will total approximately $21,000,000.  However, many of the Claims may well be objected to by the Debtor or the Creditors Committee's Counsel. Class 2 claimants will be paid an initial pro-rata distribution of five percent (5%) of their Allowed Claim on the Effective Date.  An escrow will be established for the dividends which are as yet not allowed by Order of the Court and to which objections remain. Thereafter, after payment of incurred and unpaid expense of administration claims post-petition, 90% of the funds then on hand shall be distributed on a pro-rata basis.

**Class 3 - Equity Security Holders.** Class 3 is impaired and consists of the stock ownership of Paradigm Telecom II, LLC.  The shareholders, Carl Merzi and Brian Beers, shall retain their shares in the Reorganized Debtor.

**Class 4 - Secured Claims.** Class 4 is unimpaired. All creditors in the Class shall be paid in cash in full upon the approval of their Claim by Order of the Court.

## VI.

## ACCEPTANCE OR REJECTION OF THE PLAN

**6.01** **Voting.** All creditors who are impaired under the Plan are entitled to vote to accept or reject the Plan.

**6.02** **Error in Classification.** In the event that it shall be determined that this Plan made any error in placing a particular creditor or group of creditors in one Class rather than another, then that shall not prevent the Debtor from seeking confirmation of the Plan with the membership of the Classes realigned as determined to be proper by the Court.

**6.03** **Cram-down.** The Plan Proponent reserves its rights to request confirmation pursuant to Section 1129(b) of the Bankruptcy Code with respect to any Class not accepting the Plan.

## VII.

## MODIFICATION OF PLAN

**7.01** **Pre-Confirmation.** The Debtor may propose amendments or modifications of this Plan at any time prior to the Confirmation Date, with leave of the Court upon appropriate notice.

**7.02** **Post-Confirmation.** After the Confirmation Date, the Debtor may, with approval of the Court, modify the Plan as to any Class, even though such modification materially affects the rights of the Creditors or Interest Holders in such Class; provided, however, that any material modifications must be accepted as to Classes of impaired Creditors by at least sixty-six and two- thirds percent (66 2/3%) in the amount of Allowed Claims voting in each such Class and provided further that additional disclosure material needed to support such material modifications (i) shall be approved by the Court in the manner consistent with Section 1125 of the Bankruptcy Code and Rule 3017 of the Rules of Bankruptcy Procedure or (ii) shall previously have been held to be unnecessary and dispensed with by order of the Court. After the Confirmation Date,

the Debtor may remedy a default or omission, or reconcile any inconsistencies in the Plan, or in the Confirmation Order in a manner consistent with the intentions of the Plan, with approval of the Court with or without notice and a hearing, provided that the remedy does not materially affect the interest of the Creditors or the Interest Holders.

## VIII.

### JURISDICTION OF THE COURT

**Continuing Jurisdiction.** Except as otherwise provided herein, the Court shall retain and have exclusive jurisdiction over the Reorganization Case for the following purposes:

(a) to determine any and all objections to the allowance of Claims and Equity Security Interests;

(b) to determine any and all pending applications for the rejection or assumption of executory contracts or unexpired leases to which the Debtor is a party or with respect to which the Debtor may be liable, and to hear and determine, and if necessary to liquidate, any and all Claims arising therefrom;

(c) to determine any and all applications, adversary proceedings and contested or litigated matters that may be pending on the Effective Date, or instituted after the Effective Date, including, without limitation, any Claims arising under the Bankruptcy Code to avoid any preferences, fraudulent conveyances or other voidable transfers;

(d) to consider any modifications of the Plan, any defect or omission or to reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(e) to determine all controversies, suits and disputes that may arise in connection with the

interpretation, enforcement or consummation of the Plan or the execution and delivery of any Plan exhibit;

(f) to issue such orders in aid of execution of the Plan to the extent authorized by Section 1142 of the Bankruptcy Code;

(g) to determine such other matters which may be set forth in the Confirmation order or which may arise in connection with the Plan or the Confirmation order; and

(h) to determine any and all pre-confirmation applications for allowances of compensation, entitled to priority under §507(a)(l) of the Code; and reimbursement of expenses and any other pre- confirmation fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code or the Plan.

(i) to determine if a default by the Debtor has occurred under the Plan as Ordered by the Court and if default has occurred, to enter such Orders as are necessary and appropriate to ensure compliance with the Plan as confirmed and/or subsequently modified.

## IX.

## <u>RESERVATION OF RIGHTS</u>

Neither the filing of the Plan, nor any statement or provision contained herein, nor the taking by the Debtor or any Creditor of any action with respect to the Plan shall (i) be or be deemed to be an admission against interest and (ii) until thirty (30) days after the Effective Date, be deemed to be a waiver of any rights which the Debtor might have against a creditor, and until thirty (30) days after the Effective Date all such rights are expressly and specifically reserved. In the event that the Effective Date does not occur, neither the Plan nor any statement

contained therein may be used or relied upon in any manner in any suit, action, proceeding or controversy within or outside of the Reorganization Case.

## X.

## ASSUMPTION, REJECTION, AND ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS

**Contracts Rejected Unless Set Forth Below**

All executory contracts or unexpired leases other than the Contracts Related to Comcast Services to which the Debtor was a party on the Filing Date shall be deemed rejected on the Effective Date, unless expressly assumed in a motion for leave to assume a particular executory contract on or before the Confirmation Date or such later time set by the Court.

The Contracts Related to Comcast Services listed on Page 4 of Exhibit "A" of the Agreement for Transition and Termination of Services and Release, attached to the Debtor's Emergency Motion filed at Docket No. 312 shall be rejected effective as of the day after the end of the Term, unless designated for assumption and assignment to Comcast before the end of the Term. Within five (5) business days after the end of the Term, the Debtor shall serve Notice of the end of the Term on the counterparties to the Contracts Related to Comcast Services, which Notice shall confirm the effective date of the rejection and notify such counterparties of the applicable Rejection Damages Claims Bar Date.

The Contracts Related to Comcast Services listed on Page 4 of Exhibit "A" of the Agreement for Transition and Termination of Services and Release, attached to the Debtor's Emergency Motion filed at Docket No. 312 may be assumed and assigned to Comcast on or before the last day of the Term pursuant to a motion to be filed by the Debtor, subject to a further Order of the Bankruptcy Court approving such assumption and assignment and approval of the applicable Cure Amount. Any of the Contracts Related to Comcast Services listed on Exhibit "A" may be designated for rejection upon direction by Comcast and notice by the Debtor to the applicable counterparty.

**10.01 Contracts to be Assumed.** It is the Debtor's intention to reject all existing executory contracts save and except those claims itemized and disclosed in Paragraph 10.03 *supra*.

**10.02 Claims for Rejection.** Any Allowed Unsecured Claim arising from the Debtor's rejection of any executory contract or lease must be filed within thirty (30) days of the entry of the order rejecting the contract or lease unless the Court orders otherwise with respect to any such claim.

**10.03 Assumption of Executory Contracts.** All contracts sought to be assumed as a part of this Plan shall be enumerated in a motion for assumption and notice to all parties in interest and in accordance with the provisions of 11 U.S.C. § 365.

## XI.

## EFFECT OF CONFIRMATION AND DEFAULT PROVISION

Upon the Effective Date:

(A) The provisions of the Plan shall bind the Debtor and any Creditor whether or not they have accepted the Plan;

(B) On the Effective Date, title to all assets and properties dealt with by this Plan shall vest in the Reorganized Debtor, free and clear of all claims and interests other than any contractual secured claims granted under any lending agreement, on the condition that the Reorganized Debtor shall comply with the terms of the Plan, including the making of all payments to Creditors provided for in such Plan. If the Reorganized Debtor defaults in performing under the provisions of this Plan after the Plan's consummation, and this case is converted to a case under Chapter 7, all property vested in the Reorganized Debtor and all subsequently acquired property owned as of or after the conversion date shall revest and constitute property of the bankruptcy estate in the converted case;

(C) If a scheduled Plan payment is not made by Debtor or its current (post-confirmation) taxes are not paid timely pursuant to state law or, applicable federal law, a default of this Plan will have occurred. In the event of default, Claimant shall have the discretion to proceed with sending written notice of default to Debtor's attorney. If the default is not cured within ten (10) days after notice of default is received, Claimant shall have the discretion to proceed with state law remedies for collection of all amounts due under state law pursuant to the Texas law or the applicable federal law, if any.

(D) **Save and except the obligations assessed pursuant to IRC § 6672, the confirmation of this Plan shall act as a discharge of all obligations existing and owed by the Debtor Paradigm Telecom II, LLC on the date of bankruptcy, except for the obligations of the Debtor to Comcast under the MSA and Comcast Transition Agreement.** Those Claims dealt with by this Plan shall be defined, satisfied and repaid pursuant to the terms of this Plan. The discharge granted pursuant to the Plan shall be limited to Paradigm Telecom II, LLC. Except as otherwise provided herein, upon the Effective Date, all such Claims against the Debtor shall be satisfied. **Other than Comcast, all entities shall be precluded from asserting against the Debtor, or its assets or properties, for any other or further Claims based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date**.

Any personal liability unrelated to the claim precluded by the Debtor's discharge as previously noted in this paragraph owing directly by contract or tort by the Debtor's officers, directors, or affiliates to third parties is not affected by the discharge granted pursuant to this Debtor's Plan.

(E) **Survival of Debtor's Obligations under MSA and Comcast Transition Agreement and Rejection of MSA**. The Debtor's obligations under the MSA and Comcast Transition Agreement shall survive confirmation of the Plan and entry of the Confirmation Order, and the MSA and Comcast Transition Agreement shall remain fully enforceable in accordance with their terms. The

MSA shall be deemed rejected as of the last day of the Term and Comcast shall have no further liability or obligations to the Debtor under the MSA. At the end of the Term, the Debtor shall further file a notice with the Bankruptcy Court stating the date on which the Term ended and the MSA was rejected.

## XII.

## BAR DATES FOR FILING PROOFS OF CLAIM

The Debtor has filed as a part of its schedules a list of all Creditors, setting forth the identity of each such Creditor and an indication of the amount due each such creditor. Unless a claim is listed as disputed, contingent or unliquidated, each Creditor's claim will be allowed in the amount and status stated on the their schedules in absence of filing of a proof of claim in a different amount or status on or before the expiration of 90 days from the date first set for meeting of creditors. Claims listed as disputed, contingent, or unliquidated will not be allowed unless a proof of claim with all supporting documents was filed prior to the expiration of 90 days from the first meeting of creditors. In the event a Creditor has filed a proof of claim in these proceedings with which the Debtor disagrees, the Debtor may file an objection to said Claim as designated in the Post Confirmation Certificate.

Absent a specific Order of the Bankruptcy Court, any proof of claim which is not timely filed shall be of no force and effect. No distribution will be made to any Creditor that has not timely complied with this provision.

## XIII.

## TRANSFER OF CLAIMS

In the event that any creditor shall transfer its claim, it shall do so only in compliance

with Bankruptcy Rule 3001, and it shall promptly notify the Debtor in writing of such transfer. The Debtor shall be entitled to assume that no such transfer of any Claim has been made by any creditor until after compliance and receipt of notice. Each transferee of any claim shall take the Claim subject to the provisions of the Plan and to any request made, waiver or consent given, or other action taken under the Plan; and except as expressly otherwise provided in the notice. The Debtor shall be entitled to assume conclusively that the transferee named in the notice shall thereafter be vested with all rights and powers under the Plan of the transferor with respect thereto.

## XIV.

## SPECIFIC CONSIDERATIONS IN VOTING

All of the foregoing give rise in the instant case to the following implications and risks concerning the Plan.

While the Plan provides for certain payments at confirmation, such payments will only apply to allowed Claims including claims arising from defaults. Under the Bankruptcy Code a Claim may not be paid until it is allowed. A Claim will be allowed in the absence of objection.

(A) A Claim, including a claim arising from default, which has been objected to, will be heard by the Court at a regular evidentiary hearing and allowed in full or disallowed in full or in part. While the Debtor bears the principal responsibility for Claim objections, any interested party, including the creditors committee, may file Claim objections. Accordingly, payment on some Claims, including Claims arising from defaults, may be delayed until objections to those Claims are ultimately settled.

## XV.

## MISCELLANEOUS PROVISIONS

**15.01**   All claims and causes under applicable bankruptcy law and applicable non-bankruptcy law, if any, in favor of the Debtor are revested in the Debtor after the Effective Date to be investigated and prosecuted pursuant to Paragraph 3.01 above.

**15.02**   Whenever the word Confirmation is used in this Plan, it is intended to mean that date upon which the order approving the Plan of Debtor as entered by this Court becomes final and unappealable.

**15.03**   Carl Merzi as Manager of the Post-Confirmation Debtor shall act as the Disbursing Agent under this Plan.

**15.04**   Upon the Effective Date, title to the remaining property of the Debtor will re-vest in the Debtor, and the jurisdiction of the Court will cease, except as provided herein above. However, the vesting of title shall not extinguish the rights and powers of the Debtor, but shall include the assignment of such rights and powers of the Debtor so that they may prosecute claims after confirmation.

**15.05** Notwithstanding anything contained hereinabove, the Debtor reserve the right to object to and/or defend against any and all Claims filed in this case.

**15.06**   The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the meanings hereof.

**15.07**   All notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally or mailed by registered or certified mail, return receipt requested:

**If to Debtor at:**

Paradigm Telecom II, LLC
14850 Woodham Dr.
Suite 1058

Houston, TX 77073

**With copies to:**

Richard L. Fuqua
5005 Riverway, Suite 250
Houston, TX 77056

**If to a holder of Allowed Claim:**

At the address set forth in its Proof of Claim or Proof of interest or Notice of Appearance
filed with the Bankruptcy Court or, if no such pleading is filed, then at its address as set forth
in the schedule prepared by the Debtor and filed with the Court pursuant to Rule 1007(b).

Notice shall be deemed given when received. Any person may change the address at
which it is to receive notices under the Plan by sending written notice pursuant to the provisions
of this section to the Person to be charged with the knowledge of such change.

## XVI.

### INTERIM OPERATION

From and after the filing of this Plan and until such time as an order confirming the Debtor's
Plan has become final and the Plan has become effective, the Debtor shall continue in its current
status, and its business shall be operated on the terms and conditions heretofore authorized by
orders of the Bankruptcy Court. When the order approving and confirming the Plan has become
final and non- appealable, the rights and duties of the Debtor as Debtor-in-Possession appointed
pursuant to order of the Bankruptcy Court shall terminate, provided that the Debtor will perform
all acts and execute any and all documents, instruments, and agreements which it is required to
execute to consummate and carry out this Plan.

DATED:     July 30, 2019

PARADIGM TELECOM II, LLC

By: _____
    Carl Merzi,
    Debtor-in-Possession's Representative

FUQUA & ASSOCIATES, PC
Richard L. Fuqua
Texas Bar #07552300
5005 Riverway, Suite 250
Houston, Texas 77056
Telephone (713) 960-0277
Facsimile  (713) 960-1064
Counsel for Debtor

20